**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | ) | CIVIL ACTION NO.  17-1023 |
| | ) | |
| Plaintiff/Counterclaim-defendant, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PPG INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

**OPINION**

I.   Introduction

On November 3, 2020, the special master entered a report and recommendation ("R&R")

to address a discrete issue on which the special master requested additional briefing, namely,

whether The Sherwin-Williams Co. ("Sherwin") should be bound by its admission to the United

States Patent and Trademark Office ("USPTO") that the Perez Patent discloses a BPA-free

coating (ECF No. 761 at 1).  The special master recommended that the motion by PPG

Industries, Inc. ("PPG") to exclude the opinions set forth in ¶¶ 94-117 of the rebuttal expert

report of Dr. Joseph Schork ("Schork") (ECF No. 349), be granted.

The special master's R&Rs were issued after extensive briefing and oral argument by

video conference, which the court attended.  (May 27, 2020 Transcript, ECF No. 553).  The court

also considered the additional briefing relating to Sherwin's objections to the special master's

R&R #761 (ECF Nos. 784, 791, 802).  The objections will be reviewed de novo.   The parties

had ample notice and opportunity to be heard pursuant to Federal Rule of Civil Procedure

53(f)(1).  This opinion will not address issues which were not fully litigated or will be the subject of other R&Rs from the special master.[1]

II.  Factual and Procedural Background

In 2012, PPG filed a reexamination proceeding to challenge the '047 and '847 patents (the "parent patents," which are part of the prosecution history of the Asserted Patents in this case, *Texas Instruments Inc. v. U.S. Int'l Trade Comm'n*, 988 F.2d 1165, 1173 (Fed. Cir. 1993)).[2] On May 25, 2012, the USPTO agreed with PPG that Sherwin's patents were invalid, based on the Perez Patent (ECF No. 350-2).  The patent examiner concluded that "since Perez makes no teaching with respect to the presence of [BPA] . . ., it is the position of the examiner that they are not present." (ECF No. 350-2 at 10.)  In its written response to the examiner on August 27, 2012 seeking reconsideration, Sherwin admitted that the Perez Patent disclosed a BPA-free coating, although it contended that its patents were valid for other reasons.  Specifically, Sherwin stated:

> Because of its use of epoxies, Christenson's coating contains BPA.  Perez, on the other hand, is a BPA-free coating (Valspar[3] agrees with the Office's finding in this regard).

(ECF No. 350-3 at 21).

---

[1] In particular, Sherwin argues that the court should not adopt the position that the reexamination proceedings may be admitted in their entirety for any relevant purpose (ECF No. 784 at 16).  The court will not address the scope of the reexamination evidence in this decision, because it is not necessary to the resolution of the pending motion and is the subject of a separate motion in limine currently under consideration by the special master.  In addition, the court does not address whether Schork's opinions would be excluded under the alternative rationale that they are based on a commercial formulation, rather than the teachings of the Perez Patent itself, because that issue is also pending before the special master.  Finally, Sherwin argues in its reply brief that it should be permitted to present evidence to the jury that Perez does not disclose a complete "coating."  The court will not resolve the "complete coating" issue in this decision because the focus of PPG's motion in limine and the special master's R&R #761 was on the "BPA-free" evidence in Schork's Rebuttal Report.

[2] Sherwin's reliance on *Georgia-Pacific Corp. v. U.S. Gypsum Co.*, 195 F.3d 1322, 1333 (Fed. Cir. 1999), opinion amended on reh'g, 204 F.3d 1359 (Fed. Cir. 2000), is misplaced because that decision stated that for a party to be bound by a statement made to the PTO in connection with a later prosecution of a different patent, the statement would have to be one that the examiner relied upon in allowing the claims in the patent at issue.

[3] It is undisputed that Sherwin is Valspar's successor-in-interest.

There was substantial further litigation in the reexamination proceedings, which was ably recounted by the special master in R&R #490 (ECF No. 490).  In summary, after Sherwin submitted a unilateral covenant not to sue, the court in *Valspar I* declared PPG's appeal moot. The Patent Trial and Appeal Board ("PTAB") interpreted *Valspar I* as reinstating the examiner's underlying decision, which rejected Sherwin's patent claims.  In addition, PPG pointed to language in *Valspar I* to argue that the covenant not to sue must be broadly construed to cover the Asserted Patents at issue in this case.  Sherwin argued that *Valspar I* ended the entire reexamination proceeding without any action on the merits, and the only appropriate action was administrative termination with no preclusive effect.  (*See* R&R #490 at 5-7).  In *Valspar II,* the court agreed with Sherwin and clarified that the entire reexamination was vacated and had no preclusive legal effect on this case.  In adopting R&R #490, this court discussed the decision in *Valspar II*, as follows:

> In *Valspar Sourcing, Inc. v. PPG Industries, Inc.*, 780 F. App'x 917 (Fed. Cir. 2019) ("*Valspar II*"), the Federal Circuit Court of Appeals recognized that a parallel district court litigation (i.e., this case) existed which did not include the patents at issue in the Federal Circuit and stated:  "it was clear that this court's intent [in *Valspar I*] was to nullify the entire inter partes reexamination without any collateral effect on other litigation."  *Id.* at 919, 922.  In other words, the decision in *Valspar I* should not be interpreted as deciding that an implied license exists regarding the claims Sherwin Williams is pursuing in this case.

(ECF No. 530 at 8).

In its invalidity contentions in March 2017, Sherwin contended that Perez did not disclose a BPA-free coating and the "Valspar admissions" did not admit that Perez disclosed or rendered obvious that limitation (ECF No. 467-4 at 3, filed under seal).  Apparently, there was no fact discovery about whether Perez disclosed a BPA-free coating.  In his initial expert report, PPG's technical expert, Dr. Robson Storey ("Storey"), noted Sherwin's admission to the USPTO that Perez disclosed a BPA-free coating (ECF No. 395-1 ¶¶ 90, 112, filed under seal).  Schork opined (in the challenged section of his rebuttal report) that Perez does not disclose a BPA-free

3

coating (ECF No. 467-2 ¶¶ 94-117, filed under seal).  Paragraphs 101-115 of the Schork Rebuttal

Report discuss the Coors coatings, for the proposition that when PPG did formulate Perez into

inside spray coatings, those coatings contained BPA, and therefore Perez does not disclose a

BPA-free coating.  *Id.*  Storey prepared a reply expert report in which he countered those Schork

rebuttal opinions (ECF No. 395-8 ¶¶ 70-80).  PPG also deposed Schork.

III. Discussion

PPG contends that the special master correctly recommended that ¶¶ 94-117 of the

Schork Rebuttal Report be precluded in their entirety.  PPG points out, correctly, that the entire

challenged section of the Schork Rebuttal Report addresses whether Perez discloses a BPA-free

coating.  PPG argues that *Valspar II* vacated the <u>decision</u>, but did not expunge the <u>record</u>, of the

reexamination proceeding.  PPG contends that Sherwin is bound by its admission to the USPTO

that Perez discloses a BPA-free coating and that Schork's opinions to the contrary must be

excluded from evidence.

Sherwin argues that it should not be bound by the statement its attorney made during the

reexamination proceeding.  It contends that the decision in *Valspar II* wiped the slate clean for

Sherwin to relitigate the issue whether Perez discloses a BPA-free coating.  Sherwin contends

that estoppel doctrines do not apply and that PPG would not be unfairly prejudiced.  In the

alternative, Sherwin argues that the preclusion of ¶¶ 94-117 is overbroad because the Coors

coatings were not at issue in the reexamination proceeding and Sherwin should be entitled to

rebut whatever evidence PPG intends to present about the Coors coatings at trial.

The court agrees with the special master's reasoning and recommendation.  Sherwin's

statement in the reexamination proceeding was not an off-the-cuff comment by an attorney

during oral argument.  Instead, it was an unambiguous position taken by a party in a written brief

filed three months after the USPTO decision.  Sherwin stated that one of PPG's references

4

(Christenson) did contain BPA, but "Perez, on the other hand, is a BPA-free coating."   (ECF No. 350-3 at 21).  Sherwin's efforts to portray the position it took as an inadvertent mistake (ECF No. 784 at 11-12) are rejected.

As this court explained in its opinion of November 19, 2020, filings in the patent office represent positions of the party which have consequences.  (ECF No. 780 at 6).  The court "can take judicial notice of Patent & Trademark Office filings." *Taza SystemS, LLC v. Taza 21 Co., LLC*, No. 2:11CV073, 2013 WL 5145859, at *3 (W.D. Pa. Sept. 13, 2013) (citing *Old Reliable Wholesale, Inc. v. Cornell Corp*., 635 F.3d 539, 549 (Fed. Cir. 2011); and *Erbe v. Billeter*, No. 06-113, 2006 WL 3227765 (W.D. Pa. Nov. 3, 2006)).  Here, Sherwin is bound by the position it took at the USPTO that Perez discloses a BPA-free coating.  Contrary opinion evidence by Schork is not relevant, does not "fit," would confuse the issues, and is properly excluded.

PPG is entitled to rely on the position Sherwin took at the USPTO.  In *Procter & Gamble Co. v. Nabisco Brands, Inc*., 711 F. Supp. 759 (D. Del. 1989), the court stated: "a patentee's representations to the PTO during the prosecution of its patent application about the scope of the prior art is a binding admission and should 'be accepted at face value' during subsequent litigation over the patent." *Id.* at 770 (citing *In Re Nomiya*, 509 F.2d 566, 570–71 (C.C.P.A. 1974); *Tyler Refrigeration Corp. v. Kysor Industrial Corp*., 601 F. Supp. 590, 600 (D. Del. 1985) (quoting 2 Chisum, D., *A Treatise on Law of Patentability, Validity, and Infringement* § 5.03[3][e] (1981) ("It is well settled that an applicant's admission as to the relevant art—both in terms of available sources and in terms of scope of the art—will be accepted as binding upon him.")).[4]  The principle that a party's admissions during prosecution are binding "applies with equal force to arguments made by a patentee to sustain the patentability of claims during

---

[4] The court need not address the extent of prejudice suffered by PPG due to Sherwin raising this issue in a rebuttal expert report.  PPG would be prejudiced simply by having to litigate an issue that was resolved by Sherwin's admission before the USPTO.

reexamination."  *Spectrum Int'l, Inc. v. Sterilite Corp*., 164 F.3d 1372, 1379 (Fed. Cir. 1998).

*See Digital Biometrics, Inc. v. Identix, Inc*., 149 F.3d 1335, 1347 (Fed. Cir. 1998) ("The public

has a right to rely on such definitive statements made during prosecution. Notice is an important

function of the patent prosecution process, as reflected by the statute itself, *see* 35 U.S.C. §

112").

In *Spectrum*, the court faced a similar issue involving explicit statements made by a

patent applicant during prosecution to distinguish a claimed invention over prior art.  164 F.3d at

180.  The court concluded that "the prosecution history, which includes 'all express

representations made by or on behalf of the applicant to the examiner to induce a patent grant,'

limits the interpretation of the claims 'so as to exclude any interpretation that may have been

disclaimed or disavowed during prosecution in order to obtain claim allowance.'"  *Id.* (quoting

*Standard Oil Co. v. American Cyanamid Co.,* 774 F.2d 448, 452, 227 USPQ 293, 296

(Fed.Cir.1985)).  The court explained that by distinguishing the claimed invention over the prior

art, an applicant indicates what the claims do not cover.  *Id.*  If a patentee relinquishes subject

matter to distinguish a prior art reference during prosecution, the patentee "cannot during

subsequent litigation escape reliance [by the defendant] upon this unambiguous surrender of

subject matter." *Id.* (citations omitted).  In sum, "claims may not be construed one way in order

to obtain their allowance and in a different way against accused infringers."  *Id.*

Similarly, in *BASF Agro B.V. v. Makhteshim Agan of North America, Inc.*, 519 F. App'x

1008 (Fed. Cir.  2013), the court rejected a patentee's attempts to introduce expert testimony to

qualify statements it made during the prosecution history.  The court stated:  "During the process

of obtaining a patent, a patentee may make statements to the Patent Office to distinguish her

claimed invention from the prior art.  Where such statements indicate a clear disavowal of

subject matter, the patentee disclaims such subject matter and narrows the scope of her claims."

*Id.* at 2016.  The court reiterated that the "public has a right to rely on representations a patentee has made in the course of obtaining her patent."  *Id.* (citing *Spectrum*).   Because the prosecution history was clear, and the public was entitled to rely on it, the proffered inconsistent expert testimony was not probative and was not admissible to contradict the record.  *Id.* at 1018.

The same analysis applies here.  Sherwin made a clear statement to the examiner in its efforts to distinguish the Christenson and Perez prior art references during prosecution.  That statement is part of the record and can be relied upon by the public.  Sherwin cannot take the position that Perez is BPA-free to obtain the patent and assert a contrary position in this lawsuit.  The proffered inconsistent expert testimony by Schork is not probative and is not admissible.

The special master correctly concluded that *Valspar II* does not require the expungement of all statements made, and positions taken, by a party during the reexamination.  *Valspar II* did not address any of the legal principles set forth above.  Instead, the issues in dispute were: (1) whether the examiner's decision in PPG's favor would remain in place; and (2) whether comments in *Valspar I* about the scope of Sherwin's unilateral covenant not to sue were binding on this court.  In *Valspar II,* the court agreed with Sherwin and clarified that the entire reexamination was vacated and had no preclusive legal effect on this case.  The issue whether Sherwin should be bound by its position that Perez disclosed a BPA-free coating was simply not raised or resolved in *Valspar II*.

The special master correctly distinguished the decisions on which Sherwin relied.  *See Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1425 (Fed. Cir. 1994) (noting that "actual reliance by the examiner need not be shown" in claim construction); *3rd Eye Surveillance, LLC v. United States Elbit Sys. of Am.*, *LLC*, 145 Fed. Cl. 200, 205 (2019) (court noting, in dicta, it was unconvinced whether estoppel should attach to a now-vacated final written <u>decision</u> from the PTAB);  *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,

No. CV 03-0597, 2007 WL 3274093, at *3 (D. Ariz. Nov. 2, 2007) (distinguishing *Proctor & Gamble* and concluding that a party is not bound by a statement the PTO <u>rejected</u> during an inter partes proceeding).  Sherwin's reliance on the recent nonprecedential decision in *Cook Group, Inc. v. Boston Scientific Scimed, Inc*., 809 F. App'x 990 (Fed. Cir. 2020), is misplaced.  Although Sherwin focuses on the reference to consideration of the admission by the "factfinder," the dispute involved the PTAB's refusal to "bind Patent Owner to attorney arguments made in its preliminary response."  *Id.* at 999 n.3.  The court held that "an admission in a preliminary patent owner response is evidence appropriately considered by a factfinder [i.e., the PTAB]."  *Id.* at 1000.  In context, these decisions do not require this court to permit Sherwin to disavow the position it took before the USPTO that Perez discloses a BPA-free coating and present contradictory evidence to the jury.

IV. <u>Conclusion</u>

In summary, R&R #761 is adopted, as supplemented herein, as the opinion of the court. The proffered evidence set forth in ¶¶ 94-117 of the Schork Rebuttal Report will not be admissible and Sherwin will be bound by its position at the USPTO that Perez discloses a BPA-free coating.  The court's decision is without prejudice to Sherwin's opportunity to seek to present appropriate rebuttal evidence about the Coors coatings, depending upon what evidence PPG presents at trial.

An appropriate order will be entered.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

Dated:  January 21, 2021