IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | ) | CIVIL ACTION NO. 17-1023 |
| | ) | |
| Plaintiff/Counterclaim-defendant, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| PPG INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

**OPINION**

I.  Introduction

On December 18, 2020, the special master entered Report and Recommendation ("R&R") #804 (ECF No. 804), which addressed (among numerous other disputes) a motion in limine ("MIL") filed by The Sherwin-Williams Co. ("Sherwin" or "SW"), to preclude references at trial to an Akzo competitive product (SW MIL #12, ECF No. 713); and a motion to compel updated damages discovery filed by PPG Industries, Inc. ("PPG") (ECF Nos. 737, 740).  These issues are being resolved separately by the court because, for the reasons set forth below, the court will authorize supplemental damages discovery, which should commence forthwith.  The parties' remaining disputes will be addressed by separate opinions and orders.

The special master's R&R was issued after extensive briefing and oral argument by video conference, which the court attended.  (November 11, 2020 Transcript, ECF No. 862).  The court also considered the additional briefing relating to the parties' objections and responses thereto (ECF Nos. 818, 831, 838, 849).  The objections will be reviewed de novo.   The parties had ample notice and opportunity to be heard pursuant to Federal Rule of Civil Procedure 53(f)(1).

II. Procedural History

On March 18, 2020, the court granted Sherwin's motion for partial summary judgment to prevent PPG's damages expert, Michael Milani ("Milani") from using an Akzo product as a basis for his lost profits or reasonable royalty analysis (ECF No. 530). The ruling was based upon the lack of factual evidence in the record. The court observed that neither side developed a factual record and commented: "Vague references by PPG that an Akzo product might exist will not suffice." (ECF No. 530 at 16). The court concluded: "Because there is insufficient evidence for a reasonable jury to find that the Akzo product or Exemplary Perez Coating were in the market during the damages period, it would be improper to refer to either product as a basis to calculate lost profits or a reasonable royalty." (ECF No. 530 at 17). Milani's proposed expert opinions based on Akzo were precluded as confusing the issues and inviting the jury to speculate due to the lack of factual foundation. *Id.* Both parties appear to acknowledge that the court's summary judgment decision was correct, based upon the record at that time. There is no need to reconsider that decision.

On August 27, 2020, the court granted PPG's motion to preclude Sherwin's damages expert, Dr. James Kearl ("Kearl"), from testifying about the Akzo product, as that issue was resolved in the court's March 18, 2020 summary judgment ruling (discussed above) (ECF No. 636). Sherwin agreed that Kearl should not testify about that topic. The court declined to consider Sherwin's request for a reciprocal ban on Milani because Sherwin did not seek that relief by way of a fully-litigated motion (ECF No. 636 at 9 n.7).

III. <u>Discussion</u>

The special master recommended that the Exemplary Perez Coating be precluded as a basis for lost profits or a reasonable royalty (ECF No. 804 at 22). Neither party objected to this recommendation (ECF No. 818 at 1; ECF No. 849 at 4 n.3) and it will be adopted.

The special master recommended that PPG's motion to compel updated damages evidence be granted and that the parties engage in supplemental damages discovery, to reflect changes in the market after the second quarter of 2018 ("Q2 2018"), including an Akzo BPA-NI product (ECF No. 804 at 23-25). The discovery deadlines suggested by the special master expired. Sherwin reported that it would not supplement any discovery until the court rules on its objections (ECF No. 831 at 3 n.1).

Sherwin argues that permitting supplemental discovery about the Akzo product would be inconsistent with the court's summary judgment ruling (ECF No. 530). Sherwin contends that the court's ruling is "law of the case" and PPG did not articulate sufficient grounds for reconsideration. Sherwin also argues that it would be unfairly prejudiced because the court previously granted PPG's motion to preclude Kearl from testifying about the Akzo product at trial (ECF No. 636 at 9-13 & n.7). The court is not persuaded by Sherwin's objections.

The court's prior decisions do not resolve the current motion. Fact discovery (i.e., the original damages period) closed prior to Q2 2018. The Milani and Kearl expert reports were necessarily based on the factual record that had been developed at that time and were limited to the period prior to Q2 2018. The court's summary judgment and *Daubert* decisions were based on the factual record and the expert reports at issue. The court did not address supplemental damages discovery or the period post-Q2 2018.

It is now 2021; three years after the close of fact discovery. Unfortunately, due to the Covid-19 pandemic, the trial has been continued and is not imminent. Sherwin and PPG agree

that supplemental damages discovery should be provided to reflect the passage of time. The parties' dispute involves the scope of that discovery. PPG is not seeking (and will not be permitted) to undo the court's decision that the Akzo product did not exist in the market prior to Q2 2018; instead, PPG asks that the supplemental discovery reflect the actual market realities post-Q2 2018. PPG cannot be faulted for failing to produce this evidence earlier; the market data post-Q2 2018 did not exist.

Parties have a duty to supplement damages discovery, even beyond the close of fact discovery. Fed. R. Civ. P. 26(e); *Gamevice, Inc. v. Nintendo Co.*, No. 18-CV-01942, 2019 WL 5565942, at *3 (N.D. Cal. Oct. 29, 2019) (requiring party to supplement discovery to avoid prejudice at trial because the damages calculations would be significantly out of date). The existence of non-infringing alternative products is clearly relevant to the damages analysis. (ECF No. 530, summarizing the law governing damages and discussing the *Panduit* factors).

There will be no real prejudice to either party resulting from supplemental damages discovery, given the unavoidable delay of trial, the parties' resources, and their litigious approach to this litigation. There will be a level playing field. Neither party's expert may refer to the Akzo product as a non-infringing alternative prior to Q2 2018. For that period of time, as this court previously determined, Sherwin met its burden to demonstrate a two-product market, which justifies the recovery of lost profits damages (ECF No. 530). The question is whether the market has changed since that time. Damages should be based on economic reality; not a market arbitrarily frozen in time by the original close of fact discovery in this litigation.

Both sides will have the opportunity to take targeted discovery, issue updated expert reports and rebuttal reports, and depose the other side's expert about supplemental damages, followed by new *Daubert* motions (strictly limited to the supplemental opinions), if warranted. If Sherwin is correct that there is no evidence, but only "market chatter," about the presence of

the Akzo product even after Q2 2018 (ECF No. 831 at 5 n.6), the court will likely preclude the parties from inviting the jury to speculate.  The parties shall meet and confer with each other (and if necessary, the special master) to complete this additional discovery on an expedited basis.

IV.     Conclusion

In summary, R&R #804 is adopted in part, as supplemented herein, as the opinion of the court with respect to supplemental damages discovery.  Sherwin MIL #12 (ECF No. 713) will be granted in part (as to the Perez Exemplary Coating) and denied in part (as to the Akzo product after Q2 2018; and PPG's motion to compel updated damages discovery (ECF Nos. 737, 740) will be granted.  The court reserves ruling on whether any evidence or opinions about the Akzo product may be presented to the jury until the completion of the supplemental fact and expert discovery.  The parties shall meet and confer with each other (and if necessary, the special master) to complete this additional discovery on an expedited basis.

An appropriate order will be entered.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

Dated:  February 18, 2021