IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | ) | CIVIL ACTION NO. 17-1023 |
| | ) | |
| Plaintiff/Counterclaim-defendant, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PPG INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

**OPINION**

I. Introduction

Pending before the court is a motion filed by PPG Industries, Inc. ("PPG") (ECF No. 872), asking the court to reconsider its decisions precluding references to an Akzo non-infringing alternative product during the original damages period. The Sherwin-Williams Co. ("Sherwin" or "SW") filed a response in opposition to the motion for reconsideration (ECF No. 880, under seal), PPG filed a reply brief (ECF No. 919) and Sherwin filed a surreply brief (ECF No. 924). The motion is ripe for decision by the court.

II. Procedural History

Fact discovery (i.e., the original damages period) closed prior to the second quarter of 2018 (the "Q2 2018"). PPG's and Sherwin's original damages expert reports were necessarily based on the factual record that had been developed at that time and were limited to the period prior to Q2 2018. On March 18, 2020, the court granted Sherwin's motion for partial summary judgment to prevent PPG's damages expert, Michael Milani ("Milani") from using an Akzo product as a basis for his lost profits or reasonable royalty analysis (ECF No. 530). The court

held that to constitute an alternative product, it must be acceptable to customers; and recognized that "[b]ecause the coatings at issue are used in beverage cans, they must undergo a complicated and time-consuming qualification process." (ECF 530 at 16). The court stated: "Although the parties vigorously dispute their respective burdens to develop evidence regarding alternative products, the simple fact is that neither party did so and discovery is now closed." (ECF No. 530 at 17). The court also observed that no practical dispute existed because PPG's damages expert did not quantify an alternative "lost profits" or "reasonable royalty" analysis based on the Akzo product, and therefore, asking a jury to adjust a damages award based that product would be an exercise in pure speculation. (ECF No. 530 at 17). The court concluded: "Because there is insufficient evidence for a reasonable jury to find that the Akzo product or Exemplary Perez Coating were in the market during the damages period, it would be improper to refer to either product as a basis to calculate lost profits or a reasonable royalty." (ECF No. 530 at 17).

PPG did not seek reconsideration of the summary judgment decision (until the pending motion filed June 4, 2021, some 15 months later). On August 27, 2020, the court granted PPG's motion to preclude Sherwin's damages expert, Dr. James Kearl ("Kearl"), from testifying about the Akzo product because that issue was resolved in the court's March 18, 2020 summary judgment ruling (discussed above) (ECF No. 636 at 9 n.7).

In October 2020, PPG filed a motion to compel updated damages discovery (ECF No. 740, under seal). PPG did not seek to reopen the original damages period, but limited its request to Akzo sales data for the period post-Q2 2018. On December 18, 2020, the special master entered Report and Recommendation ("R&R") #804 (ECF No. 804), which addressed numerous disputes, including Sherwin's motion in limine ("MIL") #12 to preclude references at trial to an Akzo competitive product and PPG's motion to compel updated damages discovery. On February 18, 2021, the court issued an opinion and order denying in part Sherwin MIL #12 (as to

the Akzo product after Q2 2018); and granting PPG's motion to compel supplemental damages discovery, limited to the period post-Q2 2018 (ECF No. 864). The court issued this opinion and order in advance of its ruling on the other disputed MILs to expedite completion of the supplemental discovery. Of particular relevance to the pending motion, the court observed in the February 18, 2021 opinion:

> Both parties appear to acknowledge that the court's summary judgment decision [i.e., ECF No. 530] was correct, based upon the record at that time. There is no need to reconsider that decision.
>
> . . .
>
> PPG is not seeking (and will not be permitted) to undo the court's decision that the Akzo product did not exist in the market prior to Q2 2018; instead, PPG asks that the supplemental discovery reflect the actual market realities post-Q2 2018. PPG cannot be faulted for failing to produce this evidence earlier; the market data post-Q2 2018 did not exist.
>
> . . .
>
> Neither party's expert may refer to the Akzo product as a non-infringing alternative prior to Q2 2018. For that period of time, as this court previously determined, Sherwin met its burden to demonstrate a two-product market, which justifies the recovery of lost profits damages (ECF No. 530).
>
> . . .
>
> Both sides will have the opportunity to take targeted discovery, issue updated expert reports and rebuttal reports, and depose the other side's expert about supplemental damages, followed by new *Daubert* motions (strictly limited to the supplemental opinions), if warranted.
>
> . . .
>
> The parties shall meet and confer with each other (and if necessary, the special master) to complete this additional discovery on an expedited basis."

(ECF No. 864 at 2, 4, 5).

The parties jointly agreed to an aggressive schedule to resolve all outstanding issues in advance of trial, which is currently scheduled to commence in November 2021 (ECF No. 871). On July 9, 2021, the court granted the parties' joint motion to extend the supplemental discovery

3

period by 8 days to complete the expert depositions.  The parties represented that they will comply with the remaining supplemental discovery deadlines, including *Daubert* motions and MILs filed no later than July 26, 2021.  A *Daubert* hearing is scheduled on August 26, 2021.

III. Standard of Review

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or fact or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998).  Motions for reconsideration should not be used to relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).  *See generally United States ex rel. Emanuele v. Medicor Assocs.*, No. CV 10-245, 2017 WL 3675921, at *1 (W.D. Pa. Aug. 25, 2017).

In this case, PPG seeks reconsideration on the basis of alleged new evidence.  The scope of reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). To justify reconsideration based upon newly discovered evidence, the movant must point to evidence that could not have been submitted at the time of the initial decision. *Id*. at 415-16 (*citing Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 236, 252 (3d Cir. 2010)). As explained in *Howard Hess*: "'new evidence,' for reconsideration purposes, does not refer to

evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party **could not** earlier submit to the court **because that evidence was not previously available**." 602 F.3d at 252 (emphasis added). In *Blystone*, the Third Circuit Court of Appeals instructed: "Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." 664 F.3d at 416. *See generally Aguilar Marquinez v. Dole Food Co., Inc.*, No. 12-CV-00695-RGA, 2021 WL 2806202, at *1 (D. Del. July 6, 2021).

IV. Discussion

PPG contends that reconsideration is warranted by "new" evidence that, in its view, conclusively establishes that Akzo was selling a non-infringing BPA-NI product in North America as early as 2016. PPG requests that the court permit the parties' damages experts to consider the Akzo product in their opinions about the original damages period (i.e., prior to Q2 2018). Specifically, PPG argues that the new evidence consists of: (1) a spreadsheet provided by Akzo in response to a subpoena from PPG dated March 23, 2021 (ECF No. 873-1), which summarizes Akzo's sales of its BPA-NI product in the United States since 2016 (ECF No. 875-1);[1] (2) an "admission" by Kearl during his supplemental deposition that Akzo's product is non-infringing;[2] and (3) a Sherwin market share database that was allegedly revealed for the first time during supplemental discovery. PPG's motion also cites Sherwin documents that were produced earlier in the case, which indicated that Akzo was active in the United States market beginning in 2016 (ECF No. 875 at 3).

---

[1] The sales data is annual, and does not reflect what portion of 2018 sales occurred pre-Q2 2018.
[2] PPG is wrong – there was no binding admission by Sherwin. The portion of Kearl's supplemental report quoted in PPG's motion reflects that Kearl merely **assumed** for the purpose of his damages analysis that the Akzo product was non-infringing. (ECF No. 875 at 3, emphasis added). Kearl, a damages expert, is not qualified to opine technically about whether the Akzo product infringes the Asserted Patents.

Sherwin opposes reconsideration for numerous reasons. First, Sherwin argues that PPG's purported evidence is not "new" because it existed and was available to PPG during the original discovery period. Sherwin points out, correctly, that PPG did not explain why it was unable to obtain the evidence at that time. Second, Sherwin represents that the market share database <u>was</u> produced during the original discovery period.[3] Sherwin also argues that its internal guesses[4] about Akzo's sales, as reflected in the database, are not material because Milani's supplemental report does not rely on Sherwin's market share database, but on the actual sales data provided by Akzo. Third, Sherwin maintains that the evidence does not conclusively show an alternative commercial product, but is consistent with Akzo's efforts to trial and qualify its product prior to Q2-2018.[5] Fourth, Sherwin contends that it would be prejudiced because: (1) it reasonably relied on the court's decision that supplemental discovery would be limited to post-Q2 2018; (2) reopening discovery, expert reports, *Daubert* motions and motions in limine related to the original damages discovery period would require additional litigation expense and further delay trial; and (3) it would not have time to investigate whether the Akzo product is non-infringing. Sherwin characterizes PPG's current motion – after failing to raise the issue when seeking supplemental discovery only for the period post Q2-2018 – as a "bait and switch." (ECF No. 880 at 6).

PPG's motion for reconsideration will be denied. As an initial matter, PPG failed to justify reconsideration on the basis of new evidence. PPG made no showing that evidence of

---

[3] The parties vigorously dispute whether Sherwin complied with its discovery obligations. Sherwin represents that the market share database referenced in the supplemental deposition is actually an Excel spreadsheet that was produced during the original discovery period (ECF No. 880 at 10). PPG states that it recently found hidden rows and columns in a spreadsheet that Sherwin did not produce until supplemental discovery.

[4] PPG did not address whether PPG had its own internal marketing information about Akzo's sales.

[5] The Akzo sales data submitted by PPG (ECF No. 875-1) is far from conclusive, such that additional expert opinions may be needed about whether the Akzo product was available in the market pre-Q2-2018. The volumes of Akzo's sales increased dramatically from 2016 and 2017 to 2018. As noted above, the data is annual, so it is unclear what portion of the 2018 sales occurred during the original damages period. There is no information about whether the Akzo product was ultimately approved by the customers listed on the report prior to Q2-2018.

pre-Q2 2018 sales of the Akzo product did not exist or was previously unavailable during the original damages period. Instead, PPG merely points to evidence it obtained or recently learned about after an adverse ruling. That type of "new evidence" does not justify reconsideration. *See Blystone*, 664 F.3d at 416; *Howard Hess*, 602 F.3d at 215.

PPG had the ability to obtain Akzo sales data directly from Akzo during the original discovery period; for example, by way of a third-party subpoena. *See* Fed. R. Civ. P. 45. PPG sent such a subpoena in March 2021 (ECF No. 873-1) and Akzo provided the responsive sales data (ECF No. 875-1). PPG does not contend that it was unable to send a similar subpoena during the original damages period. Indeed, PPG's motion for reconsideration identifies evidence that Sherwin produced during the original discovery period which should have put PPG on notice to investigate Akzo's sales.[6] PPG certainly had an incentive to do so to support Milani's expert opinion that the market was not limited to two players, and therefore, lost profits were not recoverable. During the original discovery period, PPG never notified the court that it needed additional time to obtain evidence about the Akzo product. PPG submitted Milani's expert report, which did not quantify damages based on an Akzo product.

The pre-Q2 2018 evidence about Akzo's sales existed and was available; neither party obtained it. In granting PPG's motion for supplemental damages discovery, the court specifically distinguished the pre- and post-Q2 2018 timeframes. The court explained that because the post-Q2 2018 sales had not yet occurred prior to the close of discovery, the post-Q2 2018 evidence (unlike damages evidence about the original discovery period) was not "previously available." (ECF No. 864). In seeking reconsideration, PPG does not contend that it was unable to obtain the Akzo sales information during the original damages period. Instead,

---

[6] *See* R&R #491 at 21-23 (summarizing the original discovery on this issue). In particular, PPG did not identify the Akzo product in response to a contention interrogatory from Sherwin about non-infringing alternatives.

PPG reiterates its argument that it had no duty to obtain that evidence because Sherwin bore the burden of production. The court ruled that there was insufficient evidence for a reasonable jury to find that the Akzo product was in the market during the original damages period and it would be improper to use that product as a basis to calculate lost profits or a reasonable royalty. The court observed, as a practical matter, that although the parties vigorously disputed their respective burdens to develop evidence, neither party did so, discovery was closed, and asking a jury to adjust a damages award based on the Akzo product would be an exercise in pure speculation (ECF No. 530 at 17). In sum, PPG does not point to the kind of "new" information about the original discovery period that warrants reconsideration.

In addition, PPG's request to reopen all damages discovery at this time would be prejudicial. The court's summary judgment ruling was issued in March 2020, some 17 months ago. In October 2020, PPG sought leave of court to conduct supplemental damages discovery – limited to the post-Q2 2018 period. In granting PPG's motion (over Sherwin's opposition), the court explicitly limited discovery to the post-Q2 2018 timeframe, set an expedited schedule, and recognized that neither party was seeking to undo the summary judgment decision (ECF No. 864). PPG did not immediately seek reconsideration, notify the court that it may seek to undo the summary judgment decision, or object to the scope of supplemental discovery.

PPG's effort to change its position now –after the supplemental discovery is virtually complete – would cause additional legal work and expense (supplemental expert reports, *Daubert* challenges, MILs, etc.), derail the schedule jointly agreed upon by the parties, and likely delay the trial. PPG's effort to reopen discovery into the original damages period simply comes too late. *See, e.g.*, Fed. R. Civ. P. 60(c) (motion must be made within a reasonable time, and if based on new evidence, within a year). It is not simply that PPG seeks to shift its own litigation position; it is asking the court to do so. The court clearly stated in its February 18, 2021 opinion:

8

"PPG is not seeking (and will not be permitted) to undo the court's decision that the Akzo product did not exist in the market prior to Q2 2018." (ECF No. 864). Sherwin reasonably relied on the court's ruling in preparing for trial. PPG did not provide a persuasive basis for the court to change its decision.[7]

V. Conclusion

In summary, PPG's motion for reconsideration will be DENIED.

An appropriate order will be entered.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

Dated: August 20, 2021

---

[7] To the extent that PPG seeks reconsideration on the basis of manifest injustice, the court disagrees. PPG does not point to evidence clearly showing that Akzo's product was commercially available in the market prior to Q2-2018 (as opposed to trial efforts, etc.) or that the Akzo product **is** non-infringing (as opposed to being "assumed" to be non-infringing). PPG's belated raising of this issue would necessitate a delay caused by further discovery, expert reports, etc., about whether the Akzo product infringes the Asserted Patents. The court perceives no manifest injustice where a sophisticated party like PPG failed to disclose the Akzo product in response to a contention interrogatory about non-infringing products, failed to obtain sales data about that product directly from Akzo during the original damages period, submitted an expert report that did not quantify damages based on the Akzo product, failed to seek reconsideration in a timely manner, and sought supplemental discovery without disclosing it may seek to revisit the original discovery period.

9