IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | CIVIL ACTION NO. 17-1023 |
| Plaintiff/Counterclaim-defendant, | JUDGE JOY FLOWERS CONTI |
| v. | |
| PPG INDUSTRIES, INC., | |
| Defendant/Counterclaimant. | |

**OPINION**

Pending before the court are the following motions filed by The Sherwin-Williams Co. ("Sherwin" or "SW"): (1) a motion for judgment as a matter of law under Rule 50(a) (ECF No. 1082); (2) a renewed motion for judgment as a matter of law under Rule 50(b) (ECF No. 1108); and (3) a motion for new trial under Rule 59 (ECF No. 1110). PPG filed responses in opposition (ECF Nos. 1112, 1113), Sherwin filed reply briefs (ECF Nos. 1114, 1115) and the motions are ripe for disposition.

I. Standard of Review

The appeal of this patent infringement case will be to the United States Court of Appeals for the Federal Circuit. The Federal Circuit Court of Appeals reviews a district court's decision on a motion for judgment as a matter of law and decision to grant a new trial under the law of the regional circuit; in this case, the United States Court of Appeals for the Third Circuit. *Biogen MA Inc. v. EMD Serono, Inc.*, 976 F.3d 1326, 1331 (Fed. Cir. 2020), cert. denied, 142 S. Ct. 87

(2021) (citing *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301, 1309 (Fed. Cir. 2011).

The Third Circuit Court of Appeals exercises plenary review of the district court's decision on posttrial motions. The court recently articulated the standard of review as follows:

> "We exercise plenary review of an order granting or denying a motion for judgment as a matter of law and apply the same standard as the district court." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). "Such a motion should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Id.* When evaluating "whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Id.* "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Jaasma v. Shell Oil Co.*, 412 F.3d 501, 503 (3d Cir. 2005) (citation omitted).

*Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 218 n. 8 (3d Cir. 2021). In considering the sufficiency of the evidence, the court must take into account the required quantum of proof, i.e., the burden to prove patent invalidity by clear and convincing evidence, but may not determine the credibility of the witnesses or substitute its view of the evidence for that of the jury. *Syngenta Seeds, Inc. v. Monsanto Co.*, 404 F. Supp. 2d 594, 599–600 (D. Del. 2005), aff'd, 231 F. App'x 954 (Fed. Cir. 2007).

In *BASF Plant Science, LP v. Commonwealth Scientific & Industrial Research Organisation*, 28 F.4th 1247 (Fed. Cir. 2022), the Federal Circuit Court of Appeals clarified that different standards may apply to review of evidentiary rulings.

> "[W]here a district court rules, as a matter of patent law, that a party is precluded from introducing evidence," this court applies its own law and reviews de novo. *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1363 (Fed. Cir. 2004). But evidentiary rulings such as the one at issue in this matter, concerning a lack of foundation, are reviewed under regional circuit law, which here is reviewed for abuse of discretion. *Id.; United States v. Caldwell*, 7 F.4th 191, 202, 204 (4th Cir. 2021).

*Id.* at 1275. The Third Circuit Court of Appeals reviews the district court's evidentiary rulings as

follows:

> We review a district court's decision regarding the admissibility of evidence, including the claim that the District Court admitted lay opinion testimony in violation of Federal Rule of Evidence 701(c), for an abuse of discretion. *United States v. Ayala*, 917 F.3d 752, 760 (3d Cir. 2019); *United States v. Shaw*, 891 F.3d 441, 453 (3d Cir. 2018). Under our abuse of discretion review, we will overturn a trial court's evidentiary ruling only if the "decision is 'arbitrary, fanciful, or clearly unreasonable'—in short, where 'no reasonable person would adopt the district court's view.' " *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)). But to the extent our ruling is based on an interpretation of the Federal Rules of Evidence, our review is plenary. *United States v. Georgiou*, 777 F.3d 125, 143 (3d Cir. 2015).

*United States v. Wadley*, No. 19-2931, 2022 WL 1011693, at *2 (3d Cir. Apr. 5, 2022); *see Schirnhofer v. Premier Comp Sols., LLC*, 832 F. App'x 121, 124 (3d Cir. 2020) ("Nonconstitutional evidentiary errors are harmless—and thus do not require retrial—'if it is highly probable that the error[s] did not affect the outcome of the case.'") (quoting *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43, 53 (3d Cir. 1989)).  The parties did not raise any disputes about the applicable standard of review.

II. Procedural History

This case involved extensive pretrial proceedings.  Of particular note, the parties engaged in three rounds of motions in limine (MILs), with extensive briefing and argument before the special master and the court.  There was also extensive motions practice and argument with respect to *Daubert* challenges to expert witnesses.  Many of the issues raised in Sherwin's posttrial motions were addressed pretrial.

The court bifurcated trial into two phases: (1) validity; and (2) willfulness and damages. There were five "Asserted Claims."[1] Although Sherwin is nominally the plaintiff, PPG was assigned the burden in Phase I of the trial to prove invalidity by clear and convincing evidence. The official trial transcripts are available at ECF Nos. 1093-1099. At the close of PPG's case in chief, Sherwin made an oral motion for judgment as a matter of law pursuant to Rule 50(a), with a subsequent written motion. The motion was orally granted in part, with respect to PPG's arguments that the patents are invalid due to lack of enablement and lack of written description, and taken under advisement with respect to the other issues raised. *See* Minute Entry March 2, 2022. Sherwin presented its evidence. At the close of Sherwin's evidence, PPG made an oral Rule 50(a) motion, which the court took under advisement.

The case was submitted to the jury. On March 8, 2022, the jury reached a unanimous verdict that PPG proved: (1) each of the Asserted Claims was invalid by anticipation; and (2) each of the Asserted Claims was invalid by obviousness. (Verdict, ECF No. 1090). Based on the verdict, Phase II of trial and PPG's Rule 50 motion became moot. Sherwin filed its posttrial motions pursuant to Rule 50(b) and Rule 59 pursuant to a schedule stipulated by the parties.

---

[1] The Asserted Claims are: (1) claim 28 of U.S. Patent # 8,617,663 (the "'663 Patent"), which depends from independent claim 16 of the '663 Patent; (2) claim 7 of U.S. Patent # 8,835,012 (the "'012 Patent"), which depends from dependent claim 5 of the '012 Patent, which itself depends from independent claim 1 of the '012 Patent; (3) claim 40 of U.S. Patent # 9,242,763 (the "'763 Patent"), which depends from dependent claim 35 of the '763 Patent, which itself depends from independent claim 34 of the '763 Patent; (4) claim 26 of U.S. Patent # 9,415,900 (the "'900 Patent"), which depends from dependent claim 24 of the '900 Patent, which itself depends from independent claim 1 of the '900 Patent; and (5) claim 6 of U.S. Patent # 9,862,854 (the "'854 Patent"), which depends from independent claim 1 of the '854 Patent.

III. Rule 50(a) Motion

After PPG rested its case in chief at trial, Sherwin made an oral Rule 50(a) motion. The court permitted Sherwin to file a supplemental written motion, which is filed at ECF No. 1082, with a brief in support at ECF No. 1083. PPG did not file a specific response to the Rule 50(a) motion. Sherwin raised essentially the same arguments in its posttrial Rule 50(b) motion. (*Compare* ECF Nos. 1082 and 1083 with ECF Nos. 1108 and 1109). The court, therefore, will deny the Rule 50(a) motion (ECF No. 1082) as being subsumed into the posttrial motions, i.e., moot. *See Amgen Inc. v. Hospira, Inc.*, 336 F. Supp. 3d 333, 341 (D. Del. 2018), aff'd, 944 F.3d 1327 (Fed. Cir. 2019) (denying Rule 50(a) motion as moot where party raised the same issues in its Rule 50(b) motion).

IV. Rule 50(b) Motion

Sherwin renews its contention that the jury had insufficient evidence to find in PPG's favor on anticipation or obviousness. With respect to anticipation, Sherwin contends that U.S. Patent # 5,714,539 (the "Perez Patent") did not disclose all the limitations of Sherwin's Asserted Claims, as arranged in those claims. With respect to obviousness, Sherwin contends that PPG offered only conclusory testimony about the Perez Patent; and that U.S. Patent # 4,647,612 (the "Ranka Patent") used organic solution polymerization with a higher volatile organic content ("VOC"), which taught away from the objective of the Perez Patent.

A. Anticipation

"Anticipation is a factual question and thus within the ordinary provenance of the jury." *Biogen MA Inc. v. EMD Serono, Inc.*, 976 F.3d 1326, 1332 (Fed. Cir. 2020), cert. denied, 142 S.

5

Ct. 87 (2021) (citing *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 790 F.3d 1329, 1340 (Fed. Cir. 2015)).

> A finding of anticipation requires clear and convincing evidence that "each and every element is found within a single prior art reference, arranged as claimed." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1294 (Fed. Cir. 2015). Testimony concerning anticipation must typically "explain in detail how each claim element is disclosed in the prior art reference. The testimony is insufficient if it is merely conclusory." *Schumer v. Lab. Comput. Sys., Inc.*, 308 F.3d 1304, 1315–16 (Fed. Cir. 2002).

*ATEN Int'l Co. v. Uniclass Tech. Co.*, 932 F.3d 1364, 1368 (Fed. Cir. 2019) (reversing jury verdict on anticipation). The jury in this case was given the following agreed-upon instruction: "For each Asserted Claim, PPG must prove by clear and convincing evidence that all the requirements of that claim are present in a single piece of prior art and that all the requirements of that claim are arranged as in the claim." (Tr. March 7, 2022, ECF No. 1098 at 50).

The court defined "clear and convincing evidence" in the preliminary charge (to which the parties agreed) as follows:

> On the issue you must decide, whether the Asserted Claims are invalid, you must determine whether it is highly probable that something is true. This is referred to as the "clear and convincing standard." PPG bears the burden to prove that the Asserted Claims are invalid. This standard is different from what you may have heard about in a criminal proceeding where a fact must be proven beyond a reasonable doubt, which is an even higher standard than the clear and convincing standard. The clear and convincing standard is also different from the preponderance of the evidence standard you may have heard about where a fact must be proven as more probably true than not. That is a lower standard than the clear and convincing evidence standard.

(Tr. Feb. 28, 2022, ECF No. 1093 at 40). The court defined "clear and convincing evidence" in the final jury instructions (to which the parties agreed) as follows:

> <u>Clear and Convincing Evidence</u>
> PPG has the burden of proving that the Asserted Patents are invalid by what is called clear and convincing evidence. In other words, PPG has the burden to convince you that it is highly probable that the Asserted Claims are invalid. Clear and convincing evidence is evidence that produces in your mind a firm belief or

6

    conviction that the allegations sought to be proved by the evidence are true.
        This standard is different from what you may have heard about in a criminal proceeding where a fact must be proven beyond a reasonable doubt, which is an even higher standard than the clear and convincing standard. The clear and convincing standard is also different from the preponderance of the evidence standard you may have heard about where a fact must be proven as more probably true than not. That is a lower standard than the clear and convincing evidence standard.
        In determining whether any fact has been proved by clear and convincing evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

(Tr. March 7, 2022, ECF No. 1098 at 43-44).

        1.  Alleged shortcomings

Sherwin identifies the following shortcomings: (1) the Perez Patent does not disclose organic solution polymerization, as all 18 examples are polymerized in water; (2) the Perez Patent does not disclose an inside spray beverage can coating; (3) the Perez Patent does not disclose more than 5 wt-% oxirane-group containing monomer; and (4) the Perez Patent does not disclose a coating that meets the testing limitations. PPG contends that it presented detailed testimony about how each claim element was disclosed in the prior art or was not novel.

        a.  Organic solution polymerization

The Perez Patent, in its recitation of the Ranka Patent, expressly described it as prior art disclosing a core-shell latex in which "the shell may be an acrylic polymer made by organic solution polymerization." (ECF No. 1109-1, col. 1:32-34). Amongst other things, the jury heard testimony from Dr. Leon Perez ("Dr. Perez"), the named inventor on the Perez Patent, and Dr. Robson Storey ("Dr. Storey"), PPG's expert witness, about how the Perez Patent disclosed organic solution polymerization and that a person of ordinary skill in the art ("POSITA") would understand that the Perez Patent disclosed organic solution polymerization. Tr., 3/1/22 at 86, 138-140, 176; Tr., 3/2/22 at 41-43. The jury was made aware that the description of organic

7

solution polymerization in Sherwin's Asserted Patents tracked the language of the Ranka Patent and reflected that organic solution polymerization was "well known in the art." (Joint Ex. 12; Tr. Mar. 1, 2022, ECF No. 1084 at 179).

### b. Inside spray beverage can coating

The Perez Patent does not expressly reference a coating for beverage cans. PPG, however, introduced substantial evidence that a POSITA would understand the Perez Patent as disclosing an inside spray beverage can coating. Dr. Perez testified at length that his invention was spurred by requests from beverage can manufacturers, was designed to be sprayed onto aluminum, was applied at very thin film thicknesses, was cured under the conditions specified for inside can coatings, and was tested like can coatings (such as the "boiling Diet Coke test"). Tr. 3/1/22 at 60, 67, 93-99. Dr. Storey opined, among other things, that based on the test procedures, a POSITA would understand that Perez disclosed an inside spray beverage can coating. Tr. 3/1/22 at 169-171.

### c. More than 5 wt-% oxirane-group containing monomer

The Perez Patent disclosed that "unsaturated epoxy crosslinking monomers [i.e., oxirane monomers] may be included in the second stage monomer mixture in amounts of 0 to 5 percent by weight, preferably 0.5 to 2 percent." (ECF No. 1109-1, col. 5:10-13). PPG presented detailed evidence to the jury that a POSITA would have understood the Perez Patent to disclose the use of oxirane monomers above 5 wt.-%. Dr. Storey explained that oxirane monomers are crosslinkers used in the core to provide crosslinking between the core and shell. Tr. 3/1/22 at 184. Dr. Storey opined that the Perez Patent teaches the use of several different kinds of crosslinking monomers, i.e., multi-functional vinyl, oxirane, and alkoxy acrylamides; "So Perez teaches that you can use any or all of these things up to a total of 20 weight percent." *Id.* at 184-

185, 222.  Dr. Perez also testified that the Perez Patent teaches an oxirane amount above 5% because the different kinds of crosslinking monomers "comprise a grand total of up to 20 percent of the composition."  *Id.* at 133, 137-138.

        d.   Testing limitations

With respect to the testing limitations, PPG introduced evidence that Sherwin did not invent the tests; to the contrary, they were standard in the inside spray beverage can industry.  Tr., 3/3/2022 at 26.  PPG also introduced opinion testimony from Dr. Storey that coatings based on the Perez Patent inherently would pass those tests and that a POSITA would view the testing limitations to be anticipated by the Perez Patent.  Tr., 3/1/2022 at 191, 201-202.

        2.   Conclusion

To be sure, Sherwin presented contrary factual and opinion evidence to the jury.  After the jury reached its verdict, however, the court must view the evidence in favor of PPG, the verdict winner.  Anticipation is a question of fact.  *Biogen*, 976 F.3d at 1332.  Whether a prior art reference anticipates a claimed invention is "viewed by a person of ordinary skill in the field of the invention."  *Scripps Clinic & Rsch. Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576 (Fed. Cir. 1991), <u>clarified on denial of reconsideration</u>, No. 89-1541, 1991 WL 523489 (Fed. Cir. Apr. 30, 1991), and <u>overruled on other grounds</u> by *Abbott Lab'ys v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009).

PPG presented detailed testimony that a POSITA would understand that the Perez Patent anticipated each element of each of Sherwin's Asserted Claims.  *See TVIIM, LLC v. McAfee, Inc.*, 851 F.3d 1356, 1363 (Fed. Cir. 2017) (jury was free to credit expert's testimony that claims were anticipated, even in the face of opposing arguments).  At the Rule 50 stage, the court must view the evidence in the light most favorable to the nonmoving party (here, PPG) and determine

whether there is evidence upon which a jury properly could reach a verdict in favor of PPG. *Lightning Lube*, 4 F.3d at 1166. PPG presented comprehensive expert testimony from Dr. Storey, over two days, in which he reviewed each element of each Asserted Claim and explained in detail how the Perez Patent met each of those elements. (Tr., Mar. 1 and Mar. 2, 2022, ECF Nos. 1094, 1095). Sherwin had a full opportunity to cross-examine Dr. Storey about all of his opinions. Sherwin disagrees with Dr. Storey's opinions, but Sherwin did not identify any element of any Asserted Claim to which Dr. Storey did not offer an opinion. In fact, PPG used a series of demonstrative exhibits to verify that Dr. Storey opined on every element of each Asserted Claim. *See id.*

"[E]xpert testimony that maps each element of the asserted claim to the prior art reference and provides detailed analysis of how it meets the limitations of the claims typically constitutes substantial evidence to support a jury verdict of invalidity. *St. Jude Med. Cardiology Div., Inc. v. Volcano Corp.*, No. CV 10-631, 2013 WL 4517534, at *6 (D. Del. Aug. 22, 2013) (citing *Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1335–36 (Fed. Cir. 2011)). To the extent the experts disagreed about whether the Perez Patent anticipated the Asserted Claims, the jury was entitled to credit Dr. Storey's testimony. *Id.* at *7. The court concludes that there was sufficient evidence for the jury to find that PPG proved anticipation by clear and convincing evidence.

B. Obviousness

"The ultimate determination whether an invention would have been obvious under 35 U.S.C. § 103 is a legal conclusion based on underlying findings of fact." *In re Peterson*, 315 F.3d 1325, 1328 (Fed. Cir. 2003). "The scope and content of the prior art, differences between

the prior art and the claimed invention, the level of ordinary skill in the art, and objective evidence of secondary considerations of patentability are fact determinations." *Para-Ordnance Mfg., Inc. v. SGS Importers Int'l, Inc.*, 73 F.3d 1085, 1088 (Fed. Cir. 1995). What a POSITA would understand from a prior art reference is a question of fact. *Id.* ("What the prior art teaches and whether it teaches toward or away from the claimed invention also is a determination of fact.").

Sherwin contends that the testimony from Dr. Storey to support obviousness based on the Perez Patent alone was conclusory and that a reasonable jury could not find obviousness based on a combination of the Perez Patent and Ranka Patent. Sherwin argues that the Ranka Patent, which used organic-solution polymerization, teaches away from the Perez Patent's goal of a low VOC coating (thus, the use of water polymerization) and its preference for a low wt-% of oxirane.

Because the court concludes, for the reasons set forth above, that PPG presented sufficient evidence to uphold the jury's verdict on anticipation, the court need not address the parties' contentions on obviousness. *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) ("Though it is never necessary to so hold, a disclosure that anticipates under § 102 also renders the claim invalid under § 103, for "anticipation is the epitome of obviousness"). PPG presented ample evidence that even assuming, arguendo, that the Perez Patent did not disclose each element arranged as in the Asserted Claims, each element would have been obvious to a POSITA.

In any event, with respect to whether the combination of the Perez Patent and the Ranka Patent made the Asserted Claims invalid for obviousness, there was a battle of experts. Dr. Storey opined that the combination of the two patents made Sherwin's claims obvious. Dr.

Storey explained that a POSITA would be motivated to combine the two references for several reasons, including (1) the Perez Patent referred to the Ranka Patent; (2) they were both PPG patents; (3) they both involve core-shell latex polymers; and (4) they both teach oxirane crosslinkers. Tr. 3/1/2022 at 180-181, 185-187. What a POSITA would have understood from the prior art is a question of fact. *Para-Ordnance*, 73 F.3d at 1088. There was sufficient evidence for the jury to conclude that the Ranka Patent did not teach away from the Perez Patent.

Sherwin's reliance on *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc*., 694 F.3d 1312 (Fed. Cir. 2012), is misplaced. In that decision, the district court granted judgment in favor of the patent holder prior to trial where the alleged infringer's expert never provided any factual basis for his obviousness opinions. *Id.* at 1327. By contrast, in this case PPG presented sufficient factual evidence for the jury to conclude that all the Asserted Claims were invalid for anticipation and for obviousness. Dr. Storey's testimony and opinions about obviousness must be viewed in the context of his detailed and comprehensive testimony and opinions about why the Perez Patent anticipated each of the elements of the Asserted Claims.

In summary, there was sufficient evidence to uphold the jury's verdict. In particular, PPG offered methodical, comprehensive opinion testimony from Dr. Storey that each of Sherwin's Asserted Claims was invalid for anticipation and obviousness. The Rule 50(b) motion will be denied.

V. <u>Rule 59 Motion</u>

Sherwin seeks a new trial pursuant to Rule 59(a). *See* ECF No. 1111 at 5. In its Rule 59 motion, Sherwin seeks to revisit several evidentiary rulings and contends that the verdict was against the weight of the evidence. The court will address each contention.

A. Standard

The standard of review of a Rule 59(a) motion varies based upon the movant's contention. As explained in *Botey v. Green*, No. 3:12-CV-1520, 2018 WL 5985694 (M.D. Pa. Nov. 14, 2018), aff'd, 782 F. App'x 158 (3d Cir. 2019), the court has discretion to revisit its discretionary decisions (such as evidentiary rulings), but may only overturn a jury's verdict as against the weight of the evidence to avoid a miscarriage of justice:

> "The court may, on motion, grant a new trial on all or some of the issues – and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court...." Fed. R. Civ. P. 59(a)(1)(A). The Court may grant a new trial "purely on a question of law;" or to correct a previous ruling "on a matter that initially rested within the discretion of the court, e.g. evidentiary rulings or prejudicial statements made by counsel" or "because [the Court] believes the jury's decision is against the weight of the evidence", among other grounds. *Klein v. Hollings*, 992 F.2d 1285, 1289-1290 (3d Cir. 1993) (internal citations omitted). While the Court has wide discretion to order a new trial to correct rulings that initially rested in its discretion, it has relatively narrow discretion to overturn a verdict on the grounds that the verdict is against the weight of the evidence. *Id.* This is because where no undesirable or pernicious element has occurred or been introduced into the trial and the trial judge nonetheless grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury's verdict has, to some extent at least, substituted [her] judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if [s]he does not usurp, the prime function of the jury as the trier of the facts.
> 
> *Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 90 (3d Cir. 1960).
> 
> > Accordingly, the district court ought to grant a new trial on the basis that the verdict was against the weight of the evidence only where a miscarriage of justice would result if the verdict were to stand. Where the subject matter of the litigation is simple and within a layman's understanding, the district court is given less freedom to scrutinize the jury's verdict than in a case that deals with complex factual determinations....
> 
> *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir. 1991) (internal citations omitted).

*Id.* at *2. In other words, the court should grant a new trial only if the "great weight" of the

evidence cuts against the verdict and would result in a miscarriage of justice. *Leonard v. Stemtech Int'l Inc*., 834 F.3d 376, 386 (3d Cir. 2016).

      B. Evidentiary rulings

          1. Pretrial rulings

Sherwin argues that the trial was prejudiced by the court's pretrial ruling that Sherwin would be held to its admission at the PTO that the Perez Patent disclosed a BPA-free coating. Sherwin also points to the related exclusion of opinions by its expert, Dr. Schork, that the Perez Patent does not teach BPA-free coatings. Sherwin contends that PPG made misleading references to the admission at trial; the court's ruling minimized PPG's burden to show that the Perez Patent disclosed a can coating; and introduction of the "exemplary Perez coating" distorted the actual disclosure of the Perez Patent.

Sherwin argues that the court erred by excluding the infringement stipulation from evidence. Sherwin contends it would have used the stipulation to rebut the testimony from Dr. Singer that Innovel was different in many ways from Example 7 of the Asserted Patents. Finally, Sherwin objects to the exclusion of expert opinions about statements made by PPG to the PTO in other, later-filed patent applications. Sherwin contends that it would have used that evidence to rebut PPG's suggestion that Sherwin did not invent anything.

PPG argues that each of the court's decisions at issue was correct. In the alternative, PPG argues that any error was harmless in light of the weight of the evidence, citing Federal Rule of Civil Procedure 61.

As noted above, there were extensive pretrial proceedings in this case with respect to evidentiary issues. The parties thoroughly briefed and argued numerous motions in limine and *Daubert* motions before the court and the special master. The court made specific rulings on

many of the issues raised in Sherwin's Rule 59 motion and explained the reasoning behind those decisions. The court adheres to its prior rulings. Sherwin is bound by its admission to the PTO that Perez discloses a BPA-free coating (ECF Nos. 859; 1019 at 5-6). The exemplary Perez coating created by Dr. Storey (and an alternative exemplary coating prepared by Sherwin's expert) is admissible (ECF No. 636 at 2-3). Sherwin had the opportunity to vigorously cross-examine Dr. Storey about the exemplary Perez coating. (Tr., 3/2/22 at 32-40). The stipulation of infringement would distract the jury and potentially cause confusion between invalidity and infringement (ECF Nos. 870 at 7-8; 1019 at 4-5). Sherwin's expert could not refer to patents which were not prior art of the Asserted Patents and involved "acrylics" rather than "acrylic latexes" (ECF No. 636 at 3-5).

The court rejects Sherwin's suggestion that the "BPA-free" jury instruction affected PPG's burden to demonstrate that the Perez Patent disclosed an inside spray beverage can coating. In the preliminary jury instructions, the court recited: "The Perez patent discloses a BPA-free coating. The parties dispute whether the Asserted Claims are anticipated by the Perez patent." (Tr., Feb. 28, 2022 at 38). The issue at trial was not whether the Perez Patent disclosed a "BPA-free" coating, but whether the Perez Patent disclosed an inside spray beverage can coating, i.e., whether the Asserted Claims were anticipated by the Perez Patent. (Tr. Feb. 28, 2022 at 38).[2]

The court specifically permitted Sherwin to demonstrate at trial that the Perez Patent did not disclose a spray-applied interior can coating. *See* ECF No. 1019 at 6 ("To be clear, as the

---

[2] The parties, despite numerous early disputes concerning how the admission by Sherwin about the Perez Patent disclosing a BPA-free coating would be presented to the jury, agreed on the preliminary and final instructions ultimately delivered to the jury. Sherwin did not preserve any objections to those instructions.

court previously ruled, Sherwin is entitled to argue that the Perez patent does not disclose a complete can coating that invalidates the Asserted Patents"); (quoting ECF No. 636 at 5) ("PPG will offer expert opinions that the Perez Patent discloses a product suitable for use as a spray-applied interior-can coating. Sherwin is entitled to rebut that testimony with its own expert opinions.")).  The theme of Sherwin's opening was about the "very different ways [Sherwin and PPG] went about solving this new need for a BPA-free **interior can** coating."  (ECF No. 1094 at 28) (emphasis added).  In sum, the reference in the preliminary charge to the Perez Patent disclosing a BPA-free coating – which was an admission by Sherwin -- did not affect the parties' burdens or prevent Sherwin from contending that the Perez Patent did not disclose a BPA-free inside spray beverage can coating.

      2. Trial ruling

Sherwin challenges one evidentiary ruling made during trial.  Sherwin wanted to introduce U.S. Patent # 9,630,378 (the "'378 Patent") during the cross-examination of Dr. Storey.  PPG did not object to the initial publication, but objected after a question about whether the '378 patent disclosed a BPA-free can coating.  At sidebar, Sherwin's counsel explained that this patent was a PPG BPA-free can coating patent which did not list the Perez Patent as prior art.  PPG's counsel argued that Sherwin was attempting to evade its admission that the Perez Patent disclosed a BPA-free coating, the focus on BPA-free would be confusing and unduly prejudicial, the questioning was beyond the scope of direct, and was inappropriate with Dr. Storey because he did not develop the '378 patent.  The court sustained the objection, observing

that Sherwin had not laid a proper foundation to establish that Dr. Storey reviewed the patent. *See* Tr., 3/4/22 at 103-107. The court reaffirms its decision at trial to exclude that evidence.[3]

In summary, the court declines to exercise its discretion to revisit its evidentiary rulings.

C.  Great weight of the Evidence

Sherwin argues that the verdict was against the "great weight" of the evidence, i.e., that the verdict would result in a miscarriage of justice. As explained above, the court's review of this argument is circumscribed because the court cannot usurp the jury's role as the finder of facts. The court agrees with Sherwin that the trial dealt with a subject matter not within the ordinary knowledge of jurors. The verdict, however, was not against the "great weight" of the evidence. Both sides presented expert testimony about what a POSITA would have understood about the coatings technology at issue. The jury was properly instructed that PPG had the burden to prove anticipation and obviousness by clear and convincing evidence. Tr. March 7, 2022, ECF No. 1098 at 46 ("Your job is to review the evidence admitted in this trial and determine whether PPG met its burden to show by clear and convincing evidence that the Asserted Claims are invalid because they were anticipated by the Perez Patent or would have been obvious to a person of ordinary skill in the art."). The court explained above, in its discussion of the Rule 50(b) motion, why the evidence was sufficient to uphold the jury's verdict. There was no miscarriage of justice.

In accordance with the foregoing, Sherwin's Rule 59 motion will be denied.

---

[3] The jury, over PPG's objection, heard evidence that Dr. Singer obtained a patent on a can coating that did not disclose the Perez Patent as prior art. The court permitted Sherwin to argue that Dr. Singer did not consider the Perez Patent to disclose a can coating. *See* ECF No. 1098, Tr. 3/7/22 at 9-12.

Conclusion

For the reasons set forth above, Sherwin's posttrial motions pursuant to Rule 50(b) and Rule 59 will be denied. The portion of Sherwin's motion pursuant to Rule 50(a) that the court took under advisement during trial will be denied as moot.

An appropriate order will be entered.

Dated: June --, 2022

                                          /s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        Senior United States District Judge