**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

THE SHERWIN-WILLIAMS COMPANY,

              Plaintiff,

      v.

PPG INDUSTRIES, INC.,

              Defendant.

No. 2:17-cv-01023-JFC

Hon. Joy Flowers Conti

**PLAINTIFF THE SHERWIN-WILLIAMS COMPANY'S RESPONSE TO
PPG INDUSTRIES, INC.'S OBJECTIONS TO THE SPECIAL MASTER'S
REPORT AND RECOMMENDATION REGARDING EXCEPTIONALITY
UNDER 35 U.S.C. § 285 (ECF NO. 1177)**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

I.    PPG'S OBJECTIONS REST ON CONCLUSORY ASSERTIONS, NOT
      EVIDENCE, ARE DIRECTLY UNDERMINED BY THE RECORD, AND FAIL
      TO MEET THE APPLICABLE LEGAL STANDARDS ................................................. 2

II.   NONE OF PPG'S CASES INVOLVED A DEFENDANT THAT STIPULATED
      TO INFRINGEMENT; ALSO, HERE THERE WAS NO
      SUMMARY-JUDGMENT CULLING OF "BASELESS" CLAIMS OR
      PROJECT-LEVEL FEE PROOF ....................................................................................... 7

CONCLUSION .......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*EagleView Techs., Inc. v. Xactware Sols., Inc.*,
 522 F. Supp. 3d 40 (D.N.J. 2021) ...................................................................8, 9

*Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*,
 No. 3:15-cv-01879, 2020 WL 5645331 (S.D. Cal. Sep. 22, 2020)............................................3

*Goodyear Tire & Rubber Co. v. Haeger*,
 581 U.S. 101 (2017)..............................................................................................3, 4

*In re Personalweb Techs., LLC Pat. Litig.*,
 No. 18-MD-02834, 2021 WL 796356 (N.D. Cal. Mar. 2, 2021), *aff'd sub nom.*
 *In re PersonalWeb Techs. LLC*, 85 F.4th 1148 (Fed. Cir. 2023)............................................2, 3

*In re Rembrandt Techs. LP Pat. Litig.*,
 899 F.3d 1254 (Fed. Cir. 2018)................................................................................3, 4, 7

*MarcTec, LLC v. Johnson & Johnson*,
 664 F.3d 907 (Fed. Cir. 2012)..................................................................................9, 10

*Route1 Inc. v. AirWatch LLC*,
 No. 17-cv-331, 2020 WL 1955436 (D. Del. Apr. 23, 2020) ............................................10, 11

*Sherwin-Williams Co. v. PPG Indus., Inc.*,
 No. 2022-2059, 2024 WL 3534113 (Fed. Cir. July 25, 2024)..................................................5

*Straight Path IP Grp., Inc. v. Cisco Sys., Inc.*,
 No. C 16-03463, 2020 WL 2539002 (N.D. Cal. May 19, 2020), *aff'd sub nom.*
 *SPIP Litig. Grp., LLC v. Apple, Inc.*, 847 F. App'x 928 (Fed. Cir. 2021)..........................3, 10

*Wi-LAN Inc. v. Sharp Elecs. Corp.*,
 No. C.A. 15-379, 2022 WL 611236 (D. Del. Feb. 3, 2022) ...................................................11

**STATUTES**

35 U.S.C. § 285........................................................................................................1, 3

## INTRODUCTION

Sherwin has already objected (ECF No. 1176) to the Special Master's Report and Recommendation on Exceptionality Under 35 U.S.C. § 285 (ECF No. 1171) ("R&R"), detailing the legal and factual errors in the R&R's recommendation that this case be deemed "exceptional" under 35 U.S.C. § 285, and objecting to any fee award to PPG in the circumstances here. Since then, PPG has filed two papers: (1) PPG's Objections to the R&R (ECF No. 1177) and (2) PPG's Submission in Support of its Motion for Attorneys' Fees (ECF No. 1178). This response addresses PPG's Objections. Sherwin's response to PPG's Submission is being filed separately and concurrently.

PPG's sweeping request for nearly $15 million in case-wide fees is unsupported by relevant legal authority and the record. In making this claim, PPG relies on rhetoric, not evidence. PPG's sole objection to the R&R seeks to overturn the Special Master's recommendation that (*if* the Court determines the case exceptional as a whole) the Court should "strictly cabin[]" any fee award to the discrete judicial-estoppel dispute that the Special Master found constituted misconduct because of Sherwin's zealous advocacy. Instead of strictly cabining its request, PPG seeks nearly wholesale recovery of all its fees from February 4, 2019, onward, and a further portion of its fees before that based on the unsupported (in fact, contradicted-by-the-record) assertion that the single issue on which Sherwin was eventually judicially estopped from litigating, whether PPG's prior-art Perez patent disclosed a BPA-free can coating, "pervaded" and "infected" the entire case. Based on this, PPG seeks to claim fees not causally connected to the judicial estoppel issue at all.

The record demonstrates the opposite. Over eight years, the parties litigated a broad array of other, unrelated issues, including dispositive motions resting on other grounds, expert challenges, and appeals on multiple issues, many of which Sherwin prevailed on. The Court knows this, and the docket and record conclusively demonstrate it. PPG provides no docket-specific proof,

time-entry support, or task-level documentation to substantiate its claim; instead, it relies on bare assertions that even the R&R itself rejects. The R&R acknowledged that the judicial-estoppel issue was only one of many litigated matters and, accordingly, recommended "strictly cabin[ing]" any fee award to that single issue. On this record, the case does not "stand out" so as to be "exceptional" at all, because the Perez issue did not dominate the proceedings. *See* ECF No. 1176. The scope of fees allowed certainly should not be expanded, as PPG's Objections seek to do. PPG's Objections should be overruled, and its overreaching fee demand denied in its entirety.

I.    **PPG'S OBJECTIONS REST ON CONCLUSORY ASSERTIONS, NOT EVIDENCE, ARE DIRECTLY UNDERMINED BY THE RECORD, AND FAIL TO MEET THE APPLICABLE LEGAL STANDARDS**

PPG's Objections focus on improperly arguing the correctness of the R&R (ECF No. 1177 at 2–4) rather than objecting to it. *Id.* at 4–6. Sherwin's Objections (ECF No. 1176) already address PPG's efforts to argue in support of the R&R, and those points will not be repeated here.

The only objection PPG offers is to the R&R's recommendation that any fee award be "strictly cabined" to the portion of the case addressing the judicial-estoppel issue. ECF No. 1171 at 1. Instead, PPG seeks recovery of: (i) *all its fees* from February 4, 2019, onward, plus (ii) "a portion of its fees" from before then. ECF No. 1177 at 4–6. PPG attempts to justify this sweeping demand by claiming that the issue "infected" the entire case (*id.* at 3, 5), but this assertion is unsupported by the legal authorities it cites, or by any actual evidence. PPG's argument relies solely on the R&R itself, and its own fee motion. *Id.* at 3–4 (citing only ECF Nos. 859, 1134). PPG offers no docket-specific proof, time-entry support, or task-level documentation to substantiate its claim.

In cases such as this, where a party claims that alleged litigation misconduct was so "pervasive" as to "infect the entire litigation," courts require a direct causal connection between the improper acts and the fees sought. *See In re Personalweb Techs., LLC Pat. Litig.*, No. 18-MD-

02834, 2021 WL 796356, at *4 (N.D. Cal. Mar. 2, 2021), *aff'd sub nom. In re PersonalWeb Techs.*

*LLC*, 85 F.4th 1148, 1164 (Fed. Cir. 2023). In such cases, courts apply a "but for" standard,

awarding fees only for work that would not have been incurred but for the alleged misconduct.

*See id.*; *see also, e.g.*, *Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 3:15-cv-01879, 2020

WL 5645331, at *5 (S.D. Cal. Sep. 22, 2020) ("Requests for attorney's fees pursuant to Section

§ 285 are governed by the 'but for' standard." (citation omitted); *Straight Path IP Grp., Inc. v.*

*Cisco Sys., Inc.*, No. C 16-03463, 2020 WL 2539002, at *3 (N.D. Cal. May 19, 2020), *aff'd sub*

*nom. SPIP Litig. Grp., LLC v. Apple, Inc.*, 847 F. App'x 928, *1 (Fed. Cir. 2021) ("Merely because

defendants performed a task does not make it compensable"; rather, the misconduct must be "the

*but for cause* of those fees.").

        As the Supreme Court has noted, this "but-for" standard is compelled where a fee award is

allowed by statute to compensate the adverse party—"[c]ompensation for a wrong, after all, tracks

the loss resulting from that wrong." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108

(2017); *see also id.* at 103–04 (Fees awarded under a court's inherent authority must be "limited

to the fees the innocent party incurred *solely because of* the misconduct—or put another way, to

the fees that party would not have incurred *but for* the bad faith." (emphasis added)). The Federal

Circuit explicitly endorsed *Goodyear*'s approach in *In re Rembrandt Technologies LP Patent*

*Litigation*, 899 F.3d 1254, 1278 (Fed. Cir. 2018), which the R&R relied on for its "strictly cabin[]"

ruling. ECF No. 1171 at 1, 7–9, 18. This Court's request for a breakdown of the fees that the

Special Master has recommended cabined to "that part of the case that dealt solely with the issues

surrounding the judicial admissions" is consistent with the "solely because of" standard set out in

*Goodyear*. *See* Ex. A (Tr. of Sep. 4, 2025, Status Conf.) at 5:4–7. The but-for standard ensures

that fee awards are strictly limited to fees causally linked to specific improper conduct. It forbids

broad, unsupported claims of case-wide "infection."

PPG fails to meet this standard. It repeatedly asserts that the judicial-estoppel issue "infected" the case and warrants case-wide fees, yet provides no evidence of a causal connection in this filing or in its Submission (ECF Nos. 1178, 1178-1), which Sherwin addresses more thoroughly in its concurrently filed response. Even the R&R, which PPG frequently cites, does not support such an expansive fee request. The R&R expressly recognizes that "[o]ver eight years of litigation … the parties litigated numerous issues other than whether the Perez Patent was BPA-free." ECF No. 1171 at 12. PPG has made no showing of the causal connection required by *Rembrandt* or *Goodyear*, let alone one sufficient to justify its requested fees.

While Sherwin disagrees that this case is "exceptional" at all (ECF No. 1176), the R&R found that Sherwin's conduct regarding the judicial-estoppel issue—but only that conduct—warranted a limited fee award, and thus recommended "strictly cabin[ing]" any fees to that discrete dispute. *Id.* at 7–9. PPG's claim that the issue on which Sherwin was estopped from challenging with supplemental evidence "pervaded" the case is not only unsubstantiated, but directly contradicted by the record, which shows that unrelated litigation work cannot be recharacterized as related to this issue, and where no fee invoices demonstrate the alleged "infection," let alone satisfy PPG's but-for burden. Bald assertions of relatedness are no substitute for evidence that fees would not have been occurred "but for" the allegedly improper conduct. PPG's conclusory assertions fall far short of justifying its extraordinary fee demand.

To be sure, the issue on which Sherwin was judicially estopped was important to both parties—a finding for Sherwin that the Perez patent contained BPA (or required BPA to make a viable interior can coating), as reflected in PPG's lab notebook, would have by itself defeated PPG's invalidity claims. However, the issue's importance does not equate to it "pervading" the

4

case, as PPG asserts. Nor does it convert work on other issues into work *caused by* the judicial-estoppel issue. The BPA issue neither dominated the proceedings nor constituted the majority of the parties' efforts. It did not even dominate the invalidity case, as it was only one of several independent invalidity defenses that Sherwin raised (all the others were tried to the jury). ECF No. 1109 at 2–15. PPG's attempt to conflate the issue's significance with omnipresence is both unsupported and misleading. *See* ECF No. 1177 at 4. The record demonstrates that numerous other substantive issues were litigated—issues having nothing to do with the discrete judicial-admission issue. PPG's rhetoric fails to establish that this issue was the central or controlling dispute throughout the case, nor that it caused any amount of work on other, unrelated issues.

PPG's Submission highlights the disconnect between PPG's assertions and the actual record. PPG has arbitrarily labeled February 4, 2019, to January 20, 2021, as the "Primary Battle" phase of the case. ECF No. 1178 at 2. For this period, which spans hundreds of docket entries (ECF No. 332–857), PPG claims 8,156.3 hours and nearly $6 million in fees. *Id.* Yet, PPG claims that it is entitled to 100% of its fees and costs for this phase (ECF No. 1178-1 at 7 ¶ 14)—hardly a claim "strictly cabined" to the judicial-admission issue "solely." The docket shows just how overreaching PPG's claim is: During that period, substantial litigation occurred on matters entirely unrelated to Perez coatings' BPA content, *including numerous issues on which Sherwin prevailed*. That period encompassed, among many other things: (i) *Daubert* motions on multiple technical and damages experts (ECF Nos. 345–50, 355–58, 363, 364); (ii) motions *in limine* (ECF Nos. 360, 361); and (iii) summary-judgment briefing on distinct issues such as (a) anticipation (ECF Nos. 366–69), (b) non-infringing alternatives (ECF Nos. 371, 372), and (c) implied license and judicial estoppel (ECF Nos. 374–77)—the last of which PPG pressed and lost repeatedly, including on appeal. ECF Nos. 71, 76, 198, 352, 375, 490; *Sherwin-Williams Co. v. PPG Indus., Inc.*,

No. 2022-2059, 2024 WL 3534113, at *10–11 (Fed. Cir. July 25, 2024).  During this same period, the parties also litigated PPG's non-infringement motion on "implied license" grounds (ECF Nos. 351, 352), which came *after* PPG's April 2019 stipulation of infringement.  ECF No. 341 ¶ 3.

Yet, PPG demands all its fees for this unrelated work (ECF No. 1178-1 at 7 ¶ 14) on the basis that the judicial-estoppel issue "infected" 100% of it.  PPG offers no proof, only attorney argument, that this is so.  It does not address all the other substantive work performed during this time—including many issues on which Sherwin prevailed.  Tellingly, PPG's own motion identified fewer than ten Perez-related docket entries occurring during the "Primary Battle."  ECF No. 1134 at 8–10.  PPG's present contention is an overreach, untenable on this record, and unsupported by proof.

While all PPG's post-February 4, 2019, "phases" suffer from the same fundamental flaw: an unsupported assertion that the judicial-estoppel issue "infected" the entire case, this flaw is not limited to the post-February 4, 2019, period; it also extends to PPG's additional request for fees covering the period before February 4, 2019, in direct contravention of the R&R's recommendation for "strictly cabin[ing]" fees.  ECF No. 1171 at 7–9.  For this so-called "Complaint" phase, PPG contends that the issue also "infected" the case (ECF No. 1178-1 at 2 ¶ 3, 5–6 ¶ 12), despite the undisputed fact that Sherwin had no knowledge of the Perez-BPA issue until January 2017—well into this phase.  Nevertheless, PPG asserts that the issue "infected" discovery simply because Sherwin "[s]pecifically" requested "information and documents related to coatings formulations based on the core shell latex polymer of the Perez patent."  *Id.* at 5 ¶ 12.  In reality, Sherwin's discovery requests—focused on PPG's invalidity contentions and prior art—were entirely proper and standard requests in patent litigation.  It is neither surprising nor improper for Sherwin to have inquired about Perez in discovery, as Perez was PPG's primary prior-art reference

for invalidity.  Sherwin was entitled to probe the facts surrounding that disclosure.  PPG's assertion is a classic *post hoc* argument, unsupported by evidence, attempting to retroactively cast the judicial-estoppel issue as pervasive when it was anything but.  The record demonstrates that the issue neither "infected" the case nor caused the work on other unrelated issues and independent validity grounds.  PPG's sweeping claims to the contrary are unsubstantiated attorney argument, not proof.

In sum, PPG's bid to transform a discrete, late-arising evidentiary dispute into an overbroad case-wide fee request ignores the record.  The judicial-estoppel issue was litigated reasonably, even if unsuccessfully, and it certainly did not dominate the litigation or cause unrelated legal work.  Not even close.  The Court should reject PPG's sweeping, unsupported proclamation that the issue "infected" and "pervaded" in this case and deny the requested awards outright.

## II.    NONE OF PPG'S CASES INVOLVED A DEFENDANT THAT STIPULATED TO INFRINGEMENT; ALSO, HERE THERE WAS NO SUMMARY-JUDGMENT CULLING OF "BASELESS" CLAIMS OR PROJECT-LEVEL FEE PROOF

PPG's reliance on a string of cases to try to provide support for its broad fee request is misplaced.  Those cases are factually distinguishable and do not support PPG.  None involved a defendant who stipulated to infringement, nor did they share the same procedural posture or lack of fee documentation present here.  These cases only support Sherwin:  Courts reserve fee awards for truly exceptional circumstances, not for cases where a party reasonably and transparently litigates an unsettled legal issue in good faith.  As the Special Master recognized, courts limit fee awards in cases alleging litigation misconduct to fees caused by the misconduct.  *See* ECF No. 1171 at 8 (citing *Rembrandt*, 899 F.3d at 1277–78).  Moreover, PPG's cited cases underscore the necessity of adequate evidentiary support for any fee request—a standard PPG has not met, as addressed in Sherwin's concurrently filed response.  The absence of detailed, project-level documentation in PPG's Submission stands in stark contrast to the evidentiary showings in the

cases it cites, confirming that no fee award is appropriate on this record.

Several threshold distinctions dispose of PPG's reliance on its cited cases.  *First*, none involved stipulated infringement—a fact PPG admitted here.  ECF No. 341 ¶ 3.  PPG identified no case to the Special Master, and has identified none since, where a court found exceptionality in favor of a party that stipulated to infringement.  That alone materially distinguishes PPG's authorities.  *Second*, PPG's cases involved intentional, knowing, bad-faith conduct, which is likewise absent on this record.  When Sherwin made the representation about Perez's BPA content in the prior reexamination, and when Sherwin filed this case, Sherwin lacked knowledge of PPG's internal lab notebook or knowledge that PPG's own Perez can coatings contained significant quantities of BPA to make it sufficiently flexible to coat the interior of a can—only PPG had that evidence, and PPG only produced it well after this suit was filed.  Upon receiving this new information, Sherwin did not contradict or conceal (or "disavow" (ECF No. 1171 at 1)) its prior statement; it sought to explain its earlier concession to the jury.  *Third*, most of PPG's cases found exceptionality based on issues that were resolved at summary judgment.  Here, the only issue for which the R&R suggests fees was never adjudicated at summary judgment—PPG never even moved for summary judgment on invalidity.  Sherwin did, however, move for summary judgment of *no* anticipation by Perez, and PPG opposed that motion on the ground that triable issues existed. ECF No. 426 at 15.  Both the Special Master and this Court agreed, concluding invalidity could not be resolved on summary judgment, and that a reasonable jury could go either way.  ECF Nos. 491 at 13, 530 at 10–11.  These distinctions—stipulated infringement, absence of knowing bad faith, and no summary-judgment resolution on the targeted issue—undermine PPG's authorities and confirm that this case is not "exceptional."

*EagleView Technologies, Inc. v. Xactware Solutions, Inc.*, 522 F. Supp. 3d 40 (D.N.J.

2021), illustrates the point.  PPG asserts *EagleView* awarded "all attorneys' fees from pre-trial to the conclusion of the case."  ECF No. 1177 at 5.  Not so.  The court expressly *denied* pretrial fees, finding both sides responsible for the length, cost, and burden of pretrial proceedings and holding the case not exceptional during that phase.  *EagleView*, 522 F. Supp. 3d at 56–57.  The award was limited to the period from the final pretrial order through trial because only the defendants' trial conduct made the case "stand[] out."  *Id.* at 56.  PPG's attempt to convert *EagleView* into a case-wide fee mandate ignores that careful limitation and the court's insistence on strictly cabining fees to adjudicated misconduct.

*EagleView* is also factually far afield.  There, defendants filed fifteen *inter partes* review petitions in a manner the court found "anything but reasonable," and which the PTAB criticized as "risk[ing] harassment."  *Id.* at 58.  Many of defendants' petitions were rejected at the outset, or on the merits under a lower preponderance-of-the-evidence standard, yet defendants "pressed [many of those same] claims at trial facing a higher burden."  *Id.* at 58–59.  They also repeatedly tried to inject "irrelevant and inflammatory" material at trial despite admonitions.  *Id.* at 60.  And that was only part of a broader pattern spanning more than ten pages, including re-litigating resolved issues, springing new theories at trial, discovery gamesmanship, and overt litigation animus.  *Id.* at 56–68.  PPG points to a single, discrete issue, not a pervasive pattern of abuse.  Sherwin's good-faith effort to address an issue revealed only in discovery, and contrary to PPG's earlier representations, is nowhere close to that.  Furthermore, the court in *EagleView* awarded fees only for misconduct-linked work, rejecting the pretrial-through-verdict recovery that PPG seeks.  *Id.* at 56.

*MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907 (Fed. Cir. 2012), is likewise inapposite.  There, exceptionality turned on the plaintiff's objectively baseless infringement theories advanced

in bad faith, including frivolous claim construction and pursuit of allegations after undisputed evidence contradicted them. *Id.* at 917–18. The court also found litigation misconduct— misstating claim-construction law and relying on inadmissible "junk science"—that prolonged the case and inflated costs. *Id.* at 919–20, 921. Nothing remotely close is present here. Critically, *MarcTec* involved the plaintiff's own patent and information within its control (*id.* at 910), whereas Sherwin's statement about Perez and BPA came during a prior reexamination proceeding and concerned PPG's patent and evidence solely within PPG's possession until discovery. This is the opposite of the knowing, pre-suit bad faith seen in *MarcTec*.

PPG's reliance on *Straight Path* fares no better. There, the plaintiff, Straight Path, twice advocated a narrow claim construction to the Federal Circuit to preserve validity, then knowingly reversed course to sue Apple and Cisco based "on a contrary broad interpretation" solely for litigation advantage—conduct the district court found made the case "exceptional" from the outset. *Id.* at *1–3. Critically, Straight Path advanced these inconsistent arguments simultaneously in different forums. *Id.* at *1. Sherwin did nothing of the sort. It lacked pre-suit knowledge of PPG's lab notebook or BPA content and, upon learning new evidence in discovery, sought to explain its position—not to advance inconsistent theories for litigation leverage. Nothing about Sherwin's conduct resembles the bad faith behavior in *Straight Path*.

*Route1 Inc. v. AirWatch LLC*, No. 17-cv-331, 2020 WL 1955436 (D. Del. Apr. 23, 2020), also supports Sherwin's position. In *Route1*, the plaintiff took directly contradictory positions— arguing one thing to the USPTO to secure its patent, and the opposite in litigation—with no justification other than litigation strategy. *Id.* at *2–3. The court found this reversal not "just weak" but "illogical" and, importantly, granted defendant's summary-judgment motion because the claim construction was dispositive. *Id.* In contrast, the Perez-BPA issue here was one of many invalidity

arguments Sherwin raised.  Moreover, Sherwin's adjustment in light of PPG's newly produced evidence was reasonable, explained, and presented openly, without any intent or design to hide the fact of its prior statement.  And unlike *Route1*, there was no dispositive summary-judgment ruling; PPG never sought summary judgment on invalidity and when, Sherwin moved, the Special Master and the Court found genuine, juriable disputes.  ECF Nos. 491 at 13, 530 at 10–11.

Finally, *Wi-LAN Inc. v. Sharp Electronics Corp.*, No. C.A. 15-379, 2022 WL 611236, at *2 (D. Del. Feb. 3, 2022), does not help PPG.  There, after receiving final third-party declarations, the plaintiff knew it lacked admissible evidence to prove infringement of a particular patent and could not survive summary judgment, yet continued to litigate.  *Id.* at *4–5.  Here, PPG stipulated to infringement (ECF No. 341 ¶ 3)—there was no such failure of proof in Sherwin's infringement claims; Sherwin prevailed entirely.  Just as important, the *Wi-LAN* court tailored the fee award to work performed after the date the plaintiff should have ceased asserting that patent and required detailed records of hours and rates to assess reasonableness.  *Wi-LAN* at *7.  No such proof is present in PPG's Submission and attached declaration, precluding any assessment by the Court or Sherwin.

PPG's authorities do not justify recovery of any fees, let alone anything close to the broad fees it seeks.  The factual record here—stipulated infringement, absence of knowing bad faith, and no summary-judgment resolution of the targeted issue—does not "stand out" under governing standards.  PPG's expansive, unsupported request should be denied.

## CONCLUSION

As Sherwin already showed, this case is not "exceptional."  ECF No. 1176.  The R&R's contrary conclusions—and PPG's arguments—lack support, as do PPG's breathtaking fee demands.  The Court should not adopt the R&R at all (other than its discrete recommendation that a case must be exceptional as a whole to justify fees, *see* ECF Nos. 1171 at 6, 1176 at 3), and it

should deny PPG's request to expand its reach.

Dated: October 20, 2025                          Respectfully submitted,

By: _/s/ Gregory A. Castanias_
Gregory A. Castanias (admitted *pro hac vice*)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
gcastanias@jonesday.com

John D. Goetz
Matthew W. Johnson
Margaret C. Gleason
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939
jdgoetz@JonesDay.com
mwjohnson@jonesday.com
mcgleason@JonesDay.com

Joseph D. Farley (admitted *pro hac vice*)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
jfarley@jonesday.com

*Counsel for Plaintiff, The Sherwin-Williams Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October 2025, a true and correct copy of the

foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of

record.

_/s/ Gregory A. Castanias_
Gregory A. Castanias