**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PPG INDUSTRIES, INC.,<br><br>　　　　　Defendant. | No. 2:17-cv-01023-JFC<br><br>Hon. Joy Flowers Conti |

**PLAINTIFF THE SHERWIN-WILLIAMS COMPANY'S RESPONSE TO PPG
INDUSTRIES, INC.'S SUBMISSION IN SUPPORT OF ITS
<u>MOTION FOR ATTORNEYS' FEES (ECF 1178)</u>**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1
I.    PPG'S SUBMISSION SEEKS FEES NEITHER "STRICTLY CABINED" NOR "SOLELY" LIMITED TO THE "ISSUE OF JUDICIAL ADMISSION" ......................... 2
II.    PPG HAS SUBMITTED NO BILLING RECORDS, NO RATES, AND NO TASK DESCRIPTIONS—ONLY "PHASE"-LEVEL LUMP SUMS AND ARBITRARY PERCENTAGES ....................................................................................... 7
III.    PPG MAY NOT RECOVER ITS EXPERT FEES UNDER § 285, AND NO "INHERENT POWER" SANCTION IS REMOTELY WARRANTED ........................ 11
IV.    PPG SHOULD NOT RECOVER ITS SPECIAL MASTER FEES ................................ 12
CONCLUSION ........................................................................................................................... 12

# TABLE OF AUTHORITIES

Page

**CASES**

*Adm'x of Est. of Conway v. Fayette Cnty. Child. & Youth Servs.*,
  No. CV 08-823, 2011 WL 3862394 (W.D. Pa. Aug. 31, 2011) ..............................................10

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
  23 F.3d 374 (Fed. Cir. 1994) ...............................................................................................11

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*,
  No. 3:02-CV-0134, 2016 WL 3522964 (M.D. Pa. June 28, 2016) ...........................................5

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
  No. CV 09-290, 2013 WL 3245199 (W.D. Pa. June 26, 2013) ................................................9

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ................................................................................................................11

*Evans v. Port Auth.*,
  273 F.3d 346 (3d Cir. 2001) ....................................................................................................8

*FDIC v. Lowis & Gellen LLP*,
  No. 11-CV-5902, 2014 WL 656660 (N.D. Ill. Feb. 20, 2014) .................................................8

*Fox v. Vice*,
  563 U.S. 826 (2011) ................................................................................................................7

*FTC v. Am. Future Sys., Inc.*,
  No. CV 20-2266, 2025 WL 2178415 (E.D. Pa. July 30, 2025) .............................................12

*Gelis v. BMW of N. Am., LLC*,
  49 F.4th 371 (3d Cir. 2022) .....................................................................................................8

*Goodyear Tire & Rubber Co. v. Haeger*,
  581 U.S. 101 (2017) ............................................................................................................2, 7

*In re Rembrandt Techs. LP Pat. Litig.*,
  899 F.3d 1254 (Fed. Cir. 2018) ............................................................................................2, 7

*Int'l Union, United Mine Workers v. Bagwell*,
  512 U.S. 821 (1994) ................................................................................................................2

# TABLE OF AUTHORITIES (continued)

Page

*Keenan v. City of Phila.*,
   983 F.2d 459 (3d Cir. 1992) ................................................................................................ 8

*Lam, Inc. v. Johns-Manville Corp.*,
   718 F.2d 1056 (Fed. Cir. 1983) ........................................................................................... 7

*Sherwin-Williams Co. v. PPG Indus., Inc.*,
   No. 2022-2059, 2024 WL 3534113 (Fed. Cir. July 25, 2024) ......................................... 4, 6

*Slimfold Mfg. Co. v. Kinkead Indus., Inc.*,
   932 F.2d 1453 (Fed. Cir. 1991) ........................................................................................... 8

*Thabault v. Chait*,
   No. CV 85-2441, 2009 WL 69332 (D.N.J. Jan. 7, 2009) ................................................. 12

*U.S. Philips Corp. v. KXD Tech., Inc.*,
   No. CV 05-8953, 2007 WL 4984150 (C.D. Cal. Sep. 17, 2007) ...................................... 12

*UCP Int'l Co. v. Balsam Brands Inc.*,
   785 F. App'x 849 (Fed. Cir. 2019) .................................................................................... 11

*Walker v. Gruver*,
   No. 1:11-CV-1223, 2013 WL 5947623 (M.D. Pa. Nov. 5, 2013) ..................................... 10

*Wash World Inc. v. Belanger Inc.*,
   666 F. Supp. 3d 808 (E.D. Wis. 2023) ................................................................................ 8

*Wonderland Nurserygoods Co., Ltd. v. Thorley Industries, LLC*,
   No. CV 12-196, 2017 WL 467969 (W.D. Pa. Feb. 3, 2017) ......................................... 9, 10

**STATUTES**

28 U.S.C. § 1920 ..................................................................................................................... 12

35 U.S.C. § 285 ............................................................................................................ 1, 11, 12

**RULES**

Fed. R. Civ. P. 54 ...................................................................................................................... 9

**INTRODUCTION**

The Report and Recommendation of the Special Master on Exceptionality Under 35 U.S.C. § 285 (ECF No. 1171) ("R&R") has recommended that, solely "due to" Sherwin's litigation strategy regarding a prior admission, this case is "exceptional" within the meaning of § 285. *Id.* at 1. The R&R's conclusion is wrong, for reasons that Sherwin has shown in its prior (ECF No. 1176) and contemporaneous (ECF No. 1179) filings in this case. Those filings show this Court should hold that this case is not exceptional: Sherwin made a reasonable, good-faith argument that it should be allowed to explain (not "disavow," ECF No. 1171 at 1) its statement during earlier reexamination proceedings in light of evidence later produced by PPG after this case was filed, but was held to have been judicially estopped from doing so. This was not exceptional and certainly did not make the entire case exceptional, and this Court should so hold. That holding will put an end to this protracted fee dispute.

Nonetheless, because the R&R came to the conclusion that this single issue was the basis for finding this entire case exceptional, the R&R also recommended that "any attorneys' fees and costs that this Court may, in its discretion, award be strictly cabined to reflect the portion of the case that the parties spent addressing that issue." *Id.* This Court subsequently ordered PPG to "submit a breakdown of the Special Master's recommended fees" (ECF No. 1173) with the "cabining" to be limited to "***that part of the case that dealt <u>solely</u> with the issues surrounding the judicial admissions by Sherwin-Williams*** of the BPA type of co[at]ing for the Perez patent." Ex. A (Tr. of Sep. 4, 2025, Status Conf.) at 5:4–7 (emphasis added).

PPG's filing in response to this Court's order is not "strictly cabined" to "that part of the case that dealt solely with" the judicial-admission issue. Instead, it seeks to claim either $9,438,384 in fees and costs attributable to Sherwin's litigation of this single issue—or $14,939,055 (if this Court were to *expand* the erroneous R&R to "award PPG all of its legal fees

1

from February 4, 2019 onwards" and "a portion of its fees from the outset of the litigation until" that point). ECF No. 1177 at 1–2. PPG makes this breathtaking fees claim without the support of a single invoice or contemporaneous time entry showing that even a single hour for which it seeks fee-shifting was actually spent on "the portion of the case that the parties spent addressing this issue" (ECF No. 1171 at 1)—no contemporaneous invoices, no attorney or paralegal billing rates, no breakdown of time by timekeeper, no task descriptions, and no line items showing its request to be cabined to specific work that would not have been done "but for" the single instance of alleged misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (fee awards must be "calibrate[d] to [the] damages caused by" the alleged acts of misconduct (quoting *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 834 (1994))); *In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1278 (Fed. Cir. 2018) (same).

Instead, PPG overreaches by artificially dividing this case into ten "phases" (ECF No. 1178-1 at 2–3 ¶¶ 5–8), and claiming similarly arbitrary percentages of its fees for each phase that are themselves unsupported or contradicted by the record. *Id*. at 2–4. This cannot be what the Court expected in response to its order, nor is this kind of conclusory and unsupported lawyer declaration sufficient to provide a factual basis for an award of fees under controlling case law.

The Court should, in addition to denying PPG's fee request because this case is not exceptional, deny PPG's motion for fees because of its failure to satisfy its burden to either substantiate or properly apportion its fee request.

I. **PPG'S SUBMISSION SEEKS FEES NEITHER "STRICTLY CABINED" NOR "SOLELY" LIMITED TO THE "ISSUE OF JUDICIAL ADMISSION"**

As noted above, the R&R recommended that any fee award allowed here be "strictly cabined to reflect that portion of the case that the parties spent addressing that issue"—that issue being Sherwin's efforts to explain, with the newly acquired discovery it obtained in this case, that

2

its "admission" that PPG's Perez patent disclosed a BPA-free can coating was inadequately informed. ECF No. 1171 at 1. This Court accordingly ordered PPG to "break down" its earlier massive fee request (almost $23 million (*see* ECF No. 1134 at 15)) and show what "strictly cabined" amount "reflect[ed] the portion of the case that the parties spent addressing that issue" of "judicial admission." ECF No. 1171 at 1; ECF No. 1173; *see also* Ex. A at 5–6 ("[T]hat part of the case that dealt solely with the" judicial-admission issue.).

PPG's submission is nonresponsive and wildly overreaching. It is not cabined to this sole issue, but sweeping—implicitly suggesting, but never proving, that its litigation of this single issue cost it either almost $9.5 million or almost $15 million. And PPG's submission (including its lawyer declaration) is conclusory and arbitrary, not strict: Instead of providing the standard supporting materials for fee applications, such as actual invoices with descriptions of the lawyer time incurred, its lawyers have simply chosen to divide this case into ten arbitrary "phases," to provide an undifferentiated lump sum of fees expended for each "phase," and then to assign an arbitrary percentage of each phase's fees for recovery. *See* ECF No. 1178 at 2–4; ECF No. 1178-1 at 2–8 (¶¶ 4–20).

As one example: PPG has arbitrarily labeled February 4, 2019, to January 20, 2021, as the "Primary Battle" phase of the case. For this period, PPG claims 100% of its fees and costs. ECF No. 1178 at 2; *see also* ECF No. 1178-1 at 7 ¶ 14 ("Because the issue predominated during this phase of litigation, PPG claims **100%** of its fees and costs for this period."). This claim is not "strictly cabined to reflect the portion of the case that the parties spent addressing this issue," and the docket shows why: During that period alone, which spans hundreds of docket entries (ECF Nos. 332–857), PPG claims *all* its 8,156.3 hours and nearly $6 million in fees. ECF No. 1178 at 2. Yet during PPG's "Primary Battle," substantial litigation occurred on numerous matters *entirely*

3

*unrelated* to the issue of Perez coatings' BPA content—*including numerous issues on which Sherwin prevailed*.  Among many others, these things happened during the 526 filings of PPG's so-called "Primary Battle":

- *Daubert* motions on multiple technical and damages experts (ECF Nos. 345–50; 355–58, 363–64);
- Motions *in limine* (ECF Nos. 360, 361);
- Summary-judgment briefing on distinct issues such as—
    - anticipation (ECF Nos. 366–69),
    - non-infringing alternatives (ECF Nos. 371, 372), and
    - implied license and judicial estoppel (ECF Nos. 374–77)

—the last of which PPG pressed and lost repeatedly, including on appeal.  ECF Nos. 71, 76, 198, 352, 375, 490; *Sherwin-Williams Co. v. PPG Indus., Inc.*, No. 2022-2059, 2024 WL 3534113, at *10–11 (Fed. Cir. July 25, 2024).

During this same two-year "Primary Battle" period, PPG made a motion for summary judgment of non-infringement based on implied license (ECF Nos. 351, 352), even though PPG had already stipulated to infringement of all Sherwin's patents.  ECF No. 341 ¶ 3.  PPG's "implied license" argument was rejected by the Special Master and by this Court and, when resurrected again on appeal to the Federal Circuit, it was rejected there, too.  Yet, PPG wants all its fees for all this unrelated work, among others.  ECF No. 1178-1 at 7 ¶ 14.

Worse, PPG claims these fees with assertion, but no proof.  It implies that the issue of Perez coatings' BPA content "predominated" every task between ECF No. 332 and ECF No. 857.  *See* ECF No. 1178 at 2; ECF No. 1178-1 at 7 ¶ 14.  PPG relies only on a lawyer declaration that, in turn, further relies upon his "team['s]" calculations for this claim.  It provided no invoices showing

4

this to be the case; and the docket tells a completely different tale. PPG never addresses, indeed it ignores, all the other substantive work performed during this time—including many issues unrelated to the "judicial admission" issue, and many issues on which Sherwin prevailed. In fact, the Court need not parse the docket in this case—it only need look back to PPG's own initial motion for fees (the one that refused to provide even a "fair estimate" of the fees it was claiming) because that filing identified *fewer than ten* Perez-related docket entries that occurred during what PPG now labels the "Primary Battle" phase. ECF No. 1134 at 8–10. PPG's present contention is a punitive overreach that is untenable on this record, contrary to this Court's order, and grossly unsupported by proof.

The same approach—arbitrary, conclusory, unsubstantiated overreach—is reflected in PPG's claim to 50% of its fees for the "Appeal" phase of this case. *See* ECF No. 1178 at 2; ECF No. 1178-1 at 8 ¶ 19. Here, PPG seeks 50% of over $1.2 million in appellate fees—almost exclusively for separate counsel charging rates well over $1,000 per hour—without providing even a scintilla of evidence that 50% of the appellate work was attributable to the judicial-admission issue, or that the rates, attorneys, and tasks align with the relevant forum market or required special expertise beyond what its trial counsel could have offered. *See, e.g.*, *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:02-CV-0134, 2016 WL 3522964, at *5 (M.D. Pa. June 28, 2016). PPG states only that Sherwin's briefing and argument "focused heavily" on the issue, and that the Federal Circuit "devoted 13 of 24 pages of its opinion to the issue." ECF No. 1178-1 at 8 ¶ 19. It is highly unlikely that a properly detailed fee submission would show that anywhere near 50% of PPG's appellate fees were attributable to the judicial-admission issue: That issue was only one of several that Sherwin raised on appeal, including four dispositive invalidity grounds and two additional bases for a new trial—and it covered just over 5 pages of Sherwin's 67-page opening

5

appeal brief. *See* Sherwin-Williams' Opening Br., *Sherwin-Williams Co. v. PPG Indus., Inc.*, No. 22-2059 (Fed. Cir. Dec. 2, 2022), ECF No. 15. PPG's response brief, whose argument section spanned 47 pages, devoted only 7-1/2 pages of argument to this issue; the lion's share of its brief was, like Sherwin's, focused on other issues, including PPG's own cross-appeal on the implied-license issue (10 pages of its argument)—an issue on which PPG repeatedly lost. *See* PPG's Principal and Resp. Br., *Sherwin-Williams*, No. 22-2059 (Fed. Cir. Mar. 13, 2023), ECF No. 24. Yet PPG now disregards those other, unrelated issues when it comes to allocating fees.

PPG selectively cites the number of pages devoted to the appeal issue. It claims that because the Federal Circuit devoted 13 pages of its 24-page opinion to ruling on the judicial-estoppel issue (*see* ECF No. 1178-1 at 8 ¶ 19), that supports its claim to an arbitrary 50% of its appeal fees. Here, PPG (and the R&R, *see* ECF No. 1171 at 16) has it exactly backwards—the length of the court of appeals' analysis of the issue reflected not the proportion of the case to which the judicial-admission issue pertained but, rather, demonstrated the complexity of resolving the issue. (Indeed, it demonstrates that the issue was not frivolous, but difficult, requiring extensive consideration, and ultimately a decision rendered under a different rule of law than the parties and this Court had presumed to apply—and that Sherwin's litigation of this issue was neither unreasonable nor "exceptional." *See* ECF No. 1176 at 13.)

While its claims to fees from all of PPG's arbitrarily identified "phases" of this case suffer from the same fundamental flaw—a lack of evidentiary support for its percentages and amounts claimed—PPG's submission regarding the "Complaint" phase warrants a final comment. PPG seeks 10% of its fees for that period, totaling $434,868 (ECF No. 1178-1 at 5–6 ¶ 12), on the theory that this amount reflects "the approximate proportionate time devoted to Sherwin's discovery relating to the misconduct." *Id.* at 5 ¶ 12. Without providing its invoices to prove this assertion,

6

this is nothing but lawyer argument. Even so, PPG's assertion is contrary to the record. Sherwin's requests for discovery addressed—and properly so—PPG's invalidity contentions and prior art generally, which is standard practice in patent litigation. And it is unsurprising—and certainly not misconduct—for Sherwin to have inquired about Perez specifically, as Perez was PPG's primary prior-art reference for invalidity. Sherwin was entitled to probe the facts surrounding that disclosure.

In sum: PPG's bid to transform a discrete, late-arising evidentiary dispute into a case-wide fee-generating overreach ignores the R&R's "strictly cabin[]" recommendation, the Court's instruction to provide a breakdown of the fees "solely" dealing "with the issues surrounding the judicial admissions," and the record. The judicial-estoppel issue was litigated reasonably, even if unsuccessfully, and certainly did not dominate the litigation. Not even close. The Court should reject PPG's sweeping, unsupported apportionments and deny the requested awards outright.

## II. PPG HAS SUBMITTED NO BILLING RECORDS, NO RATES, AND NO TASK DESCRIPTIONS—ONLY "PHASE"-LEVEL LUMP SUMS AND ARBITRARY PERCENTAGES

The R&R's "strictly cabin[]" recommendation, and this Court's further directive to PPG to submit its fees "cabin[ed] … to that part of the case that dealt solely with the issues surrounding the judicial admissions," reflects the law's requirement that fee awards must bear a "causal connection" to the claimed misconduct, and must be supported by reasonable, accurate records. *Rembrandt Techs.*, 899 F.3d at 1280. This is Supreme Court law, too. *See, e.g.*, *Goodyear*, 581 U.S. at 109 (fee applicant "may recover 'only the portion of his fees that he would not have paid but for' the misconduct" demonstrated (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011))). The law of the Federal Circuit and Third Circuit both require far more detailed evidence to demonstrate this causal connection than PPG has provided. The Federal Circuit requires "evidence to support the reasonableness of, *inter alia*, the billing rate charged and the number of hours expended." *Lam,*

7

*Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983).  And the Third Circuit forbids summary fee applications where "the hours billed by each attorney are aggregated across the entire … litigation period," *Gelis v. BMW of N. Am., LLC*, 49 F.4th 371, 380 (3d Cir. 2022), holding that "contemporaneously recorded time sheets are the preferred practice," quoting *Keenan v. City of Philadelphia*, 983 F.2d 459, 472 (3d Cir. 1992), and that this preference is "especially strong" where "counsel's summary charts [are] so condensed, high-level, and lacking in specific detail that [the court] would likely need the underlying billing records to parse them." *Gelis*, 49 F.4th at 380–81; *see also Evans v. Port Auth.*, 273 F.3d 346, 361 (3d Cir. 2001) (fee requests "must [be] document[ed] … 'with sufficient specificity to allow the District Court to determine whether the hours claimed are unreasonable for the work performed'" (citation omitted)).

As the fee claimant, PPG bore the burden of providing "sufficient evidence from which the trial court can render a decision as to their reasonableness."  *FDIC v. Lowis & Gellen LLP*, No. 11-CV-5902, 2014 WL 656660, at *7 (N.D. Ill. Feb. 20, 2014).  Courts routinely deny fee requests lacking detailed entries or descriptions.  *See, e.g.*, *Wash World Inc. v. Belanger Inc.*, 666 F. Supp. 3d 808, 832 (E.D. Wis. 2023) (rejecting fees where task descriptions were redacted); *see also Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 932 F.2d 1453, 1459 (Fed. Cir. 1991) ("[I]nsufficient documentation may warrant a *reduction* in fees." (citation omitted)).  This Court likewise should reject PPG's fees request because it failed to provide sufficient evidence of causal connection or reasonableness.

Neither this Court nor Sherwin should have to do this work for PPG.  The Court asked PPG to provide "a breakdown of the Special Master's recommended fees (attorney fees for issue of judicial admission)."  ECF No. 1173.  PPG has provided *none* of the proof it was obligated to

8

submit. Its self-serving, undetailed declaration offers no basis for the Court—*or Sherwin*—to determine whether (or even how) the requested fees relate to the judicial-admission issue, or are reasonable. Nor does PPG's submission contain the identity of timekeepers, their billing rates, the number of hours each worked or, significantly, any proof that their rates are reasonable and customary within the relevant jurisdiction. All it provides is "Total Time Billed" and "Total Amount Billed" for broad, arbitrarily drawn "phases," followed by equally unsupported and arbitrary *post hoc* percentage allocations. *See* ECF 1178 at 2–4; 1178-1 at 2–8 ¶¶ 5–20. No contemporaneous invoices, attorney or paralegal billing rates, breakdowns of time by timekeeper, task descriptions, or line items connecting work to the alleged misconduct were provided. *Id.* This submission fails to meet this Court's order requiring cabining "solely" to the judicial-admission issue, and it cannot support a fee award of any kind under governing law. (PPG's refusal to provide adequate proof of its requested fees is not new—as the Court is aware, PPG failed to provide the required "fair estimate" of its fee claim from the very beginning of this fee dispute as required by Fed. R. Civ. P. 54(d)(2)(B)(iii). This alone sinks its fee request as a matter of law. *See* ECF No. 1165 (Sherwin's Objections to first Special Master R&R) at 4–6.)

Courts in this District enforce this evidentiary obligation seriously, particularly in complex matters requiring apportionment. "In entertaining any motion for attorney fees," the Court must "expend considerable time and effort in reviewing and discussing in detail" the merits and shortcomings of each request, *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CV 09-290, 2013 WL 3245199, at *2 n.1 (W.D. Pa. June 26, 2013), and it frequently finds far more extensive showings than PPG's to be insufficient. For instance, in *Wonderland Nurserygoods Co., Ltd. v. Thorley Industries, LLC*, No. CV 12-196, 2017 WL 467969, *8 n.17 (W.D. Pa. Feb. 3, 2017), the court concluded that a 51-page ledger was insufficient without the underlying documents, citing

concerns such as administrative tasks, redundancies, and apparent double billing; other decisions cited in the case similarly exclude clerical work and reduce fees for duplicative or excessive billing. *See, e.g.*, *Walker v. Gruver*, No. 1:11-CV-1223, 2013 WL 5947623, *14 (M.D. Pa. Nov. 5, 2013) (clerical work not recoverable); *Adm'x of Est. of Conway v. Fayette Cnty. Child. & Youth Servs.*, No. CV 08-823, 2011 WL 3862394, *6 (W.D. Pa. Aug. 31, 2011) (double billing for routine conferences excessive). PPG's wholesale refusal to follow the Court's instruction and applicable case law to provide documentation prevents any evaluation of the work's relation (if any) to the judicial-admission issue, as well as of market rates, staffing efficiency, the time spent per task, or the presence of duplication, or block-billing. Without those materials, no reasoned assessment or an award of fees by this Court is possible. Indeed, Sherwin cannot even help the Court by joining issue with PPG's claims of relevance to the judicial-admission issue.

Not a single hour billed by PPG's lawyers has been adequately documented, let alone shown to be "strictly cabined," "solely" to (or but-for caused by) the judicial-admission issue. This alone compels denial of PPG's fee request. There is no excuse for PPG's failure, either: PPG has had literally *years* to compile the required materials, and it requested—and received—additional time for submitting its "strictly cabined" fees following the September 10, 2025, status conference. Yet, all it has provided is an arbitrary, summary allocation of fees—nowhere near even the 51-page ledger that was deemed inadequate by Judge Fischer in *Wonderland Nurserygoods*. PPG's submission is useless for the Court to evaluate, and impossible for Sherwin to meaningfully oppose.

PPG's prior costs submission underscores why rigorous documentation is essential—it submitted a Bill of Costs for $299,578.03 (ECF No. 1154) which, after detailed review, was determined to have overclaimed by $250,962.17—an almost-84% overcharge—in large part because of PPG's "failure to provide necessary facts." ECF No. 1167 at 5; *see also id.* at 4 n.4.

10

The amount recoverable by PPG was reduced to $48,615.86—a mere 16.2% of the amount originally claimed—because of PPG's failure to adequately justify its claimed costs with supporting proof. *Id.* at 36. The Court should be even more skeptical of PPG's undocumented fee request which, unlike its Bill of Costs, is unaccompanied by invoices for Sherwin and this Court to review to assess the relationship of the claimed fees to the judicial-admission issue and their reasonableness. Moreover, it is unclear whether PPG's current request for $257,568 in costs (ECF No. 1178 at 8–9) is seeking to recover costs that the Court has already disallowed, as PPG only asserts (again, without either detail or proof) that it is not asking for "costs already taxed in favor of PPG." *Id.* at 8 (citing ECF No. 1167). This lack of clarity further undermines the reliability and transparency of PPG's submission.

In sum, PPG's submission fails the basic governing standards for fee applications. By withholding the invoices, rates, time-keeper entries, and task-level descriptions that courts require, PPG has not carried its burden to prove that its claimed fees are causally related to the alleged misconduct, or that the hours and rates are reasonable. The Court should deny PPG's fee request.

### III. PPG MAY NOT RECOVER ITS EXPERT FEES UNDER § 285, AND NO "INHERENT POWER" SANCTION IS REMOTELY WARRANTED

Expert fees, which PPG also claims (ECF No. 1178 at 6), are not recoverable under § 285. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 377 (Fed. Cir. 1994). Although district courts may award expert fees in patent cases under their inherent authority, the Federal Circuit has cautioned that "not every case qualifying as 'exceptional' under section 285 will qualify for sanctions under the court's inherent power." *Id.* at 378. The exercise of inherent powers demands "restraint and discretion" and is reserved for conduct undertaken "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 45–46 (1991) (citation omitted). That "high" bar is not met here, *UCP Int'l Co. v. Balsam Brands*

11

*Inc.*, 785 F. App'x 849, 853 (Fed. Cir. 2019), as there has been no finding of bad faith or comparable misconduct by Sherwin. PPG ignores its burden and presumes entitlement. For these reasons, and for the further reason that PPG's request lacks evidentiary support, its request for expert fees should be denied.

**IV.     PPG SHOULD NOT RECOVER ITS SPECIAL MASTER FEES**

PPG's request for Special Master fees (ECF No. 1178 at 6–8) should also be denied for lack of evidentiary support. Additionally, the parties agreed to (ECF No. 300-1)—and the Court ordered (ECF No. 304)—a 50/50 split of these fees. Changing that allocation "would be unfair given the disputes that led to the appointment of the special master," *FTC v. Am. Future Sys., Inc.*, No. CV 20-2266, 2025 WL 2178415, at *15 (E.D. Pa. July 30, 2025), many of which were initiated by PPG (*see, e.g.*, ECF No. 304) and were mostly unrelated to the Perez-BPA issue. *See, e.g.*, ECF Nos. 338, 405, 803–04, 965. "[B]ecause the Special Master assisted both parties equally and provided a service to the Court as well, both parties should share in this litigation cost," and the Court should "decline[] to amend its initial allocation." *Thabault v. Chait*, No. CV 85-2441, 2009 WL 69332, at *16 (D.N.J. Jan. 7, 2009). Finally, § 285 allows only "reasonable litigation expenses, not otherwise recoverable under 28 U.S.C. § 1920." *U.S. Philips Corp. v. KXD Tech., Inc.*, No. CV 05-8953, 2007 WL 4984150, at *4 (C.D. Cal. Sep. 17, 2007). Since "courts have held that special master fees are recoverable costs" under § 1920, *Thabault*, 2009 WL 69332, at *16, and PPG has offered no reason why it omitted those fees from its Bill of Costs, its request to belatedly claim its share of special master fees under § 285 should be denied.

**CONCLUSION**

While this case is not "exceptional" (ECF No. 1176), PPG's fee request should be denied on the independent ground that it failed to provide even the bare minimum in support for its fee claims. PPG has not obeyed this Court's order requiring it to provide a breakdown of its fee claim

strictly cabined "solely" to the amount spent on the judicial-admission issue, and has shown zero causal nexus between any of its claimed fees and the sole alleged misconduct. PPG has not shown that the amount it seeks is causally related to the single issue identified in the R&R, or reasonable. Its efforts to overreach and penalize Sherwin for what should be held to have been reasonable litigation conduct should not be countenanced by this Court. Its fee request should be denied *in toto* for any and all the reasons shown by Sherwin—its untimeliness (ECF No. 1165), its lack of a showing of exceptionality (ECF No. 1176), and, as shown here, its failures to "strictly cabin[]" its fee request "solely" to the judicial-admission issue, and to provide adequate proof of its fees, their reasonableness, or their relation to the limited amount of conduct in question.

| | |
|---|---|
| Dated: October 20, 2025 | Respectfully submitted,<br><br>By: /s/ *Gregory A. Castanias*<br>Gregory A. Castanias (admitted *pro hac vice*)<br>JONES DAY<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Telephone: (202) 879-3939<br>gcastanias@jonesday.com<br><br>John D. Goetz<br>Matthew W. Johnson<br>Margaret C. Gleason<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>Telephone: (412) 391-3939<br>jdgoetz@JonesDay.com<br>mwjohnson@jonesday.com<br>mcgleason@JonesDay.com<br><br>Joseph D. Farley (admitted *pro hac vice*)<br>JONES DAY<br>325 John H. McConnell Blvd., Suite 600<br>Columbus, OH 43215<br>Telephone: (614) 469-3939<br>Facsimile: (614) 461-4198<br>jfarley@jonesday.com<br><br>*Counsel for Plaintiff, The Sherwin-Williams Company* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October 2025, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record.

                                         */s/ Gregory A. Castanias*
                                         Gregory A. Castanias