**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| THE SHERWIN-WILLIAMS COMPANY,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br>Defendant / Counterclaim Plaintiff. | Case No. 2:17-cv-01023-JFC<br><br>Hon. Joy Flowers Conti |
|---|---|

**PPG INDUSTRIES, INC.'S RESPONSE TO SHERWIN WILLIAMS' OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION ON EXCEPTIONALITY**

Plaintiff the Sherwin-Williams Company's ("Sherwin's") objections (ECF No. 1176) to the Special Master's Report and Recommendation (ECF No. 1171, the "R&R") should be overruled.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. The Special Master Applied the Correct Test to Hold Sherwin's Conduct Exceptional ..... 2

B. The Special Master Correctly Held Sherwin Has No Excuse for Its Misconduct ..... 5

C. Sherwin Cites No Valid Basis to Avoid the Consequences of Its Own Misconduct ..... 8

III. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adaptix, Inc. v. Alcatel-lucent USA, Inc.*,
2016 WL 6915309 (E.D. Tex. 2016) ....8

*Eko Brands, LLC v. Adrian Rivera Maynez Enters*.,
946 F.3d 1367 (Fed. Cir. 2020)....11

*Intellectual Ventures I LLC v. Trend Micro Incorporated*,
944 F.3d 1380 (Fed. Cir. 2019)....4

*McNeil-PPC, Inc. v. L. Perrigo Co*.,
337 F.3d 1362 (Fed. Cir. 2003)....9, 10

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.*,
572 U.S. 545 (2014)....3, 8, 9, 10

*Omega Eng'g Inc. v. Raytek Corp*.,
334 F.3d 1314 (Fed. Cir. 2003)....3

Re: *PPG Industries, Inc. v. Valspar Sourcing, Inc*.,
No. 16-1406 ....9, 10

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
324 U.S. 806 (1945)....3

*Regeneron Pharmaceuticals, Inc. v. Merus N.V*.,
2018 WL 1472507 (S.D.N.Y 2018)....9

*Route 1 Inc. v. AirWatch LLC*,
No. 17-331, 2020 WL 1955436 (D. Del. Apr. 23, 2020)....5

*Sherwin-Williams Co. v. PPG Indus., Inc*.,
No. 2022-2059, 2024 WL 3534113 (Fed. Cir. July 25, 2024)....1, 4, 5, 6, 7

*Soar Tools, LLC v. Mesquite Oil Tools, Inc*.,
2022 WL 1447946 (N.D. Tex. 2022)....9

*Southwall Techs., Inc. v. Cardinal IG Co*.,
54 F.3d 1570 (Fed. Cir. 1995)....3

*Stache Prods., LLC v. Green Bros. Wholesale Inc*.,
No. 3:24-CV-519-MMH-LLL, 2025 WL 1530931 (M.D. Fla. May 29, 2025)....10

*Straight Path IP Group, Inc. v. Cisco Sys., Inc*.,
411 F. Supp. 3d 1026 (N.D. Cal. 2019) ........................................................................7

## I. INTRODUCTION

The Special Master correctly found this case as a whole is exceptional because of "Sherwin's decision to flatly contradict its written, on-the-record admission before the PTO" that the Perez patent disclosed a BPA-free coating. R&R at 9. Sherwin's about-face led to a "years-long battle" over its right to present contrary evidence, including a battle over the exclusion of Sherwin's expert Dr. Schork. *Id*. at 9-10. Sherwin doggedly pursued its right to contradict its admission through pretrial motions, trial, post-judgment motions, appeal, and now in this fee briefing. The Special Master rightly concluded this wrongful, "aggressive," and protracted litigation strategy amounts to misconduct that renders this case exceptional. *Id*. at 1, 9.

Sherwin's Objections are a microcosm of the unreasonable manner in which it litigated this case. Sherwin misstates its own misconduct, implausibly claiming it never attempted to contradict its admission to the PTO. Sherwin's Objections lack credibility given the Federal Circuit already held Sherwin's "current position, that Perez does not disclose a BPA-free compound, is clearly inconsistent with its prior position—that Perez does disclose a BPA-free compound." *Sherwin-Williams Co. v. PPG Indus., Inc*., No. 2022-2059, 2024 WL 3534113, at *7 (Fed. Cir. July 25, 2024).

Sherwin's latest mischaracterization of its BPA-free stance as a "single" and unimportant issue (ECF 1176 at 1) likewise misstates the years Sherwin spent fighting it and Sherwin's admission that losing the issue "deprived us of a fair trial" and had the effect of a "directed verdict with regard to an essential element . . . for every one of Sherwin's claims." *Sherwin-Williams*, 2023 WL 3749539, Oral Argument at 18:30 to 19:00 and 58:30 to 59:00, available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-2059_05162024.mp3.

Sherwin's stubborn insistence it was right to pursue its contradictory position—and PPG, the Special Master, the Court, and even the Federal Circuit are all wrong—is emblematic of its

aggressive, unreasonable posture throughout the litigation—and precisely the reason this case has been so long and expensive, and why Sherwin should pay PPG's fees.

Ultimately, Sherwin's Objections simply rehash arguments rejected many times by this Court and the Federal Circuit. As the Special Master correctly recognized, Sherwin's pervasive, wrongful, and extraordinary effort to take one position at the PTO and a contradictory position in litigation renders this case exceptional.

## II.   ARGUMENT

### A.   The Special Master Applied the Correct Test to Hold Sherwin's Conduct Exceptional

The Special Master held, under the appropriate legal standard, the case is "exceptional ***in whole*** due to the unreasonably aggressive litigation strategy that Sherwin Williams [] adopted in its effort to disavow its prior admission before the" PTO. R&R at 1. Sherwin told the PTO that PPG's Perez patent was a "BPA-free coating" to preserve the validity of its patents. R&R at 13 (citing 8/27/12 Resp. to Off. Act.). Later, in litigation, Sherwin contradicted its admission and argued, all the way through appeal and this fee briefing, that Perez was not a BPA-free coating. *Id*. at 9-12.

The R&R meticulously documents the efforts Sherwin took to about-face on the BPA-free issue, including after Sherwin directly contradicted its admission in 2019 via an expert report. R&R at 12. This "triggered a battle of briefs lasting just under two years." R&R at 13-14. Then Sherwin continued to litigate the issue "until jury instructions were finalized at the end of 2021" and "again on appeal." *Id*.; *see also* ECF No. 1019 at 6 (12/1/2021 Memorandum Opinion on Jury Instructions) ("Sherwin's proposed language is not consistent with the court's order, which is the law of the case."). The R&R details the years spent litigating the issue, and Sherwin's "strenuous and sustained efforts to disavow its written, on-the-record admission." *Id*. at 9, 12-16. The R&R

concludes Sherwin's improper conduct "forced PPG and the Court to expend a significant amount of time on an issue that never should have been raised" and highlights "the degree to which PPG was, as the Court put it, 'prejudiced simply by ***having to litigate an issue that was resolved*** by Sherwin's admission before the USPTO.'" *Id.* at 17 (citing ECF 859 at 5, n.4).

Based on thorough factual findings of Sherwin's multi-year wrongdoing, including pages of citations to the record of filings involving this core issue, the Special Master held the case *as a whole* "exceptional." *Id.* at 17-18; *see Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). The Special Master thus applied the appropriate legal standard to his finding of exceptionality, buttressed by overwhelming factual support.

Sherwin's Objections attempt to minimize and elide its actions. But Sherwin's misconduct matters. "[A] patent is an exception to the general rule against monopolies and to the right to access to a free and open market." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.,* 324 U.S. 806, 816, (1945). The enormous "social and economic consequences of a patent . . . give the public a paramount interest in seeing that patent monopolies spring from backgrounds free from fraud or other inequitable conduct . . . ." *Id.* Given the importance of these interests, the patentee must disclose the contours of the invention and is strictly held to its statements to the patent office. *Omega Eng'g Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323-24 (Fed. Cir. 2003). This bedrock principle ensures that claims are not "construed one way in order to obtain their allowance and in a different way against accused infringers." *Southwall Techs., Inc. v. Cardinal IG Co*., 54 F.3d 1570, 1576 (Fed. Cir. 1995). This is precisely what Sherwin attempted in this litigation.

Sherwin's effort to characterize its conduct as an isolated, innocent act relating to an unimportant issue profoundly misstates the record.

***First***, Sherwin insists the Special Master was wrong and that it did not attempt to contradict its admission, but only to "contextualize" it. ECF 1176 at 5. Sherwin's own words dispatch this argument. This battle started because Sherwin's expert stated, "I disagree that Perez discloses BPA-free compositions." R&R at 13. The Special Master correctly found this opinion was "in direct contradiction to Sherwin's admission before the PTO." *Id.*[1] And in fact Sherwin spent the next several years directly contradicting its admission. *See, e.g.*, ECF No. 1097 at 106:13–16 ("[W]e have always maintained that Perez is not a BPA-free inside spray coating patent."). The Federal Circuit agreed. *Sherwin-Williams*, 2024 WL 3534113, at *7 (holding that Sherwin took "clearly inconsistent" positions).

***Second***, Sherwin downplays its actions as a "single" incident that cannot support a finding that the case as a whole was exceptional. ECF No. 1176 at 1. Even if this were true (it is not), it does not support Sherwin's position because "a district court has discretion, in an appropriate case, to find a case exceptional based on a single, isolated act." *Intellectual Ventures I LLC v. Trend Micro Incorporated*, 944 F.3d 1380, 1383-84 (Fed. Cir. 2019). In *Intellectual Ventures*, the Federal Circuit rejected the notion a case could only be "exceptional when there are repeated instances—i.e., a pattern—of bad faith, sharp tactics, and unreasonable litigation positions." *Id.* (internal quotation omitted). But additionally, Sherwin's characterization of its actions as a "single" act is counterfactual where the Special Master documented Sherwin's wrongful conduct spanning *years*. R&R at 12-16; *see also* ECF No. 1134 (PPG's Motion for Attorneys' Fees) at 8-11.

---

[1] Sherwin also spends several pages attempting to refute the Special Master's unremarkable observation that Sherwin was aware of its admission to the PTO *before* it sued PPG. R&R at 17. It is unclear why Sherwin spills so much ink on this argument (*see, e.g.*, ECF No. 1176 at 1-2, 11) given that the Special Master concentrates his findings on the period after early 2019 when Sherwin announced its intent to "flatly contradict[] its clearly stated, written, on-the-record admission before the PTO." *Id.*

***Third***, Sherwin argues the issue was an unimportant "fraction of a much broader, hard-fought case." ECF No. 1176 at 15. The R&R acknowledges the parties litigated other issues, but details how this "issue . . . took up a considerable amount of the parties' and the Court's time and attention" for years, R&R at 12, which made the case exceptional considering it was an "issue that should not have been raised" at all. *Id*. at 17. Sherwin's own words also give lie to its attempt to minimize the importance of the issue throughout the litigation. Sherwin called the Court's rulings on the BPA-free issue "lethal" to its case and as a result, "[t]he trial was not a fair fight." ECF No. 1115 at 1. The Federal Circuit agreed with the importance of the issue to Sherwin's entire case, calling the BPA-free argument a "central issue" in the litigation. *Sherwin-Williams*, 2024 WL 3534113, at *1.

Given the importance of Sherwin's wrongdoing and the "unreasonably aggressive" manner in which it pushed the issue, the Special Master correctly held the BPA-free issue was an "important and time-consuming part of the litigation." R&R at 1, 17. This is precisely the type of conduct that makes a case exceptional as a whole. *Id*. at 10; *see also Route 1 Inc. v. AirWatch LLC*, No. 17-331, 2020 WL 1955436 (D. Del. Apr. 23, 2020) (case was exceptional where plaintiff took a narrow position before the PTO in invalidity proceedings and then a broad position in the subsequent infringement suit).

### B. The Special Master Correctly Held Sherwin Has No Excuse for Its Misconduct

#### 1. The Federal Circuit squarely rejected Sherwin's "weak" excuse for contradicting its admission to the PTO

Sherwin's Objections try to excuse its misconduct by insisting the discovery of PPG's lab notebooks warranted its *eight-year* effort to disclaim its admission to the PTO. Remarkably, Sherwin accuses *PPG* of lack of candor in the PTO proceedings. ECF No. 1176 at 12-13. That Sherwin still clings to this argument after the Federal Circuit flatly rejected it in its 2024 Opinion

is a further example of Sherwin's unreasonable and aggressive litigation tactics that make this case exceptional. The Special Master rightly found Sherwin lacked any plausible excuse for its about-face. The Special Master specifically stated, "Sherwin's decision to flatly contradict its admission before the PTO as to the scope of the prior-art Perez Patent was an unusually weak and unreasonable litigation position." *Id*. at 10.

In this, the Special Master relied on the Federal Circuit's findings. The Federal Circuit thoroughly dispensed with Sherwin's argument, noting that formulations made from the Perez patent have nothing to do with "what Perez's disclosure itself requires," rendering the lab notebooks irrelevant. *Sherwin-Williams*, 2024 WL 3534113, at *9. Moreover, the Federal Circuit pointed out Sherwin was not a passive player in the PTO proceedings, blindly repeating whatever PPG or the examiner said. Instead, Sherwin "gathered expert testimony regarding Perez's inflexibility because it lacked BPA, created its own sample of Perez, and conducted flexibility testing on that sample—all evidence it presented to the Board." *Id*. at *8. The Federal Circuit held Sherwin's rationale for contradicting its admission was "particularly inappropriate given the weakness of Sherwin's new evidence purportedly showing that its original position was in error." *Id*. at 20. The Federal Circuit concluded instead that Sherwin was attempting to "assume a contrary position" "simply because [its] interest have changed" and that its about-face was "[f]ar from inadvertence or mistake." *Id*.

The Special Master adopted the Federal Circuit's ruling on this point to conclude Sherwin did not have a reasonable, good faith basis for reversing its prior position before the PTO. R&R at 16. Nothing in the Special Master's R&R on this point is "unsupported" or "contrary to the record." ECF No. 1176 at 11.

**2. The Special Master correctly held Sherwin was not entitled to contradict its admission**

Sherwin also insists it was justified, even required, to press the issue for years during the litigation because it was "reasonable to argue against judicial estoppel." ECF No. 1176 at 11-14. But as the Special Master correctly held, "[i]t is axiomatic that a party is bound by its prior admissions, and specifically, in patent cases, that 'a patentee's representations to the PTO during the prosecution of its patent application about the scope of the prior art is a binding admission and should 'be accepted at face value' during subsequent litigation over the patent.'" R&R at 10 (citing *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 711 F. Supp. 759, 770 (D. Del. 1989)). The Special Master found the conduct exceptional "[g]iven the well-established case law regarding the binding nature of admissions to the PTO as to the scope of the prior art." *Id.* at 17. Indeed, when parties attempt to contravene this proposition and take contrary positions, courts typically find the conduct "exceptional." *See, e.g.*, *Straight Path IP Group, Inc. v. Cisco Sys., Inc.*, 411 F. Supp. 3d 1026 (N.D. Cal. 2019).

Instead of taking responsibility for its decision to violate this basic patent principle, Sherwin blames PPG for what it now contends was an "unclear" estoppel theory and the Federal Circuit for applying the wrong standard on appeal. ECF No. 1176 at 13. Sherwin argues "the Federal Circuit avoided the issue by applying a version of Federal Circuit law, in a non-precedential opinion, that eliminated any requirement of bad faith." *Id.* Contrary to Sherwin's argument, that the Federal Circuit's opinion is unpublished is evidence the Federal Circuit did not view its application of estoppel as noteworthy. And the Federal Circuit explained it applied Federal Circuit law to its decision because the proceedings in question occurred before the PTO over which the Federal Circuit has "exclusive jurisdiction." *Sherwin-Williams*, 2024 WL 3534113, at *6 (citing *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1368 (Fed. Cir. 2002).

Sherwin's insistence it could contradict its prior position runs directly contrary to settled patent law. Sherwin's implication that the Federal Circuit intentionally avoided applying an estoppel standard requiring bad faith for the purpose of ruling against it is disingenuous.

### C. Sherwin Cites No Valid Basis to Avoid the Consequences of Its Own Misconduct

Sherwin's other Objections to the R&R are a rehash of arguments the Special Master considered and rejected.

Sherwin argues it was justified in bringing suit to enforce a "duly granted patent" and cannot be liable for attorneys' fees in doing so. ECF No. 1176 at 8-9. Sherwin's position is wrong on its face for at least two reasons.

First, the Special Master did not find this case exceptional because Sherwin brought the litigation, but for the unreasonable manner in which it prosecuted it. Sherwin's argument that a case is never exceptional unless the losing patentee brought objectively unreasonable claims in the first instance is incorrect. In *Octane Fitness, LLC*, the Supreme Court rejected the "overly rigid" formulation where a case is exceptional only if "brought in subjective bad faith and objectively baseless." 572 U.S. at 554. Rather, a case is exceptional merely if it "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Id*.

Here, while the Special Master acknowledged the existence of arguably "some legitimate bases for Sherwin to bring and pursue this litigation[,]" it found the case to be extraordinary because of Sherwin's fundamental contradiction and its decision to "***unreasonably*** press that issue for years to PPG's prejudice . . . ." R&R at 12 (emphasis added). Whether or not Sherwin was justified in bringing suit in the first instance had little bearing on the Special Master's findings. *See e.g. Adaptix, Inc. v. Alcatel-lucent USA, Inc.*, 2016 WL 6915309, *3 (E.D. Tex. 2016)

(awarding attorneys' fees to defendant based on plaintiff's discovery misconduct); *Regeneron Pharmaceuticals, Inc. v. Merus N.V.*, 2018 WL 1472507, at *13 (S.D.N.Y 2018) (holding that litigation misconduct was independently sufficient to find case exceptional regardless of strength of patentee's litigation position); *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, 2022 WL 1447946, at *10 (N.D. Tex. 2022) (awarding fees to defendant for litigation misconduct even though court found no exceptionality in "substantive weakness" of patentee's litigation position).

Second, Sherwin's position would mean that a patentee could never be required to pay attorneys' fees under Section 285 when its patents were held invalid. This is not the law. In support of this argument, Sherwin claims "the Federal Circuit 'ha[s] not previously held any party liable for attorney fees for … vigorously … enforcing a presumptively valid patent, even where that patent was later invalidated . . . ." ECF No. 1176 at 9 (citing *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1372 (Fed. Cir. 2003)). Sherwin's citation is misleading. It omits the part of the *McNeil* opinion stating that "inequitable conduct or misconduct during litigation" *is* a basis for fee shifting even when a party is suing over a duly granted patent. *McNeil*, 337 F.3d at 1372. Litigation misconduct is precisely the reason the Special Master awarded PPG its attorneys' fees. *See* R&R at 9 ("[t]he Special Master recommends finding that Sherwin's litigation misconduct, namely Sherwin's decision to flatly contradict its written, on-the-record admission before the PTO and to advance that argument forcefully for years, at significant cost in time and resources to PPG and this Court, renders this litigation exceptional.").[2] Additionally, *McNeil* predates *Octane Fitness*

[2] Separately, however, the manner in which Sherwin preserved the validity of its patents precludes any "presumption." As the Special Master notes, Sherwin admitted Perez disclosed a BPA-free coating at the PTO to argue its parent patents were not anticipated or obvious. Sherwin's argument worked: the PTAB reversed the decision on patent validity. R&R at 4. PPG then appealed to the Federal Circuit. *Id*. Sherwin was in grave danger of losing at the Federal Circuit, having admitted the Perez coating was within the scope of its patent claims. Nov. 1, 2016 Oral Argument at 31:31, *PPG Indus., Inc. v. Valspar Sourcing*, Inc., No. 16-1406 (Fed. Cir.) available at

and applied an outdated and higher standard of exceptionality that required both "clear and convincing" evidence and "bad faith." *McNeil*, 337 F.3d at 1372; *see Stache Prods., LLC v. Green Bros. Wholesale Inc.*, No. 3:24-CV-519-MMH-LLL, 2025 WL 1530931, at *8 (M.D. Fla. May 29, 2025) (noting that *McNeil* applied a superseded legal standard).

Sherwin also argues PPG's stipulation of infringement prevents this case from being "exceptional." This tired argument ignores the reality of this case, in which competitors PPG and Sherwin invented the same BPA-free can coating technology, but PPG invented it first. PPG's INNOVEL is based on Perez's teachings. Sherwin's later patent claims cover the same subject matter as Perez. The question was never whether INNOVEL infringed Sherwin's patent claims, but whether those claims were invalid in light of Perez. PPG conceded issues that could not be reasonably contested, including that Sherwin's patent claims covered INNOVEL. By contrast, Sherwin took a different and unreasonable approach and attempted to re-litigate for years an issue it had conceded at the PTO: that Perez discloses a BPA-free coating.

Finally, that PPG did not move for summary judgment on anticipation or obviousness is irrelevant to whether Sherwin committed litigation misconduct, which is the basis for the Special Master's finding of exceptionality. R&R at 9; *see also Octane Fitness*, 572 U.S. at 554 (a case can be exceptional for either the substantive weakness of a party's position or the "unreasonable

---

https://cafc.uscourts.gov/home/oral-argument/listen-to-oral-arguments/. That is, Sherwin admitted in oral argument before the Federal Circuit that Perez disclosed the same composition as Sherwin's patents.

Rather than allowing the Federal Circuit to rule on its patents' validity after this damning admission, Sherwin issued PPG a unilateral covenant not to sue on the '047 and '876 parent patents, mooting the appeal. Letter Re: *PPG Industries, Inc. v. Valspar Sourcing, Inc.*, No. 16-1406 at 2, *PPG Indus., Inc. v. Valspar Sourcing, Inc.*, No. 16-1406 (Fed. Cir. Nov. 15, 2016). Thus, while Sherwin's patents were 'valid' at the start of this lawsuit, its machinations before the PTO, PTAB, and Federal Circuit preclude any presumption that by suing PPG it was simply policing its patents in good faith.

manner" in which it litigates); *Eko Brands, LLC v. Adrian Rivera Maynez Enters*., 946 F.3d 1367, 1375 (Fed. Cir. 2020) (lack of summary judgment does not "conclusively establish objective reasonableness").

Here, Sherwin's shock and awe litigation strategy from the outset involved asserting 295 separate infringement claims against PPG. *See* ECF No. 155 at 3. PPG would have had to establish every element of each of those claims was invalid, and wisely declined the attempt. Sherwin only rationalized its claims down to the five asserted at trial on the Court's order in December 1, 2021, mere months before trial. ECF No. 1019 at 3-4. Given the "kitchen sink" chaos of Sherwin's claims until shortly before trial, Sherwin cannot now weaponize PPG's practical decision to save its (and the Court's) resources.

## III. CONCLUSION

For the foregoing reasons, Sherwin's Objections to the Special Master's Report and Recommendation should be overruled.

October 20, 2025

Respectfully Submitted,

*/s/ Andrew K. Fletcher*
Andrew K. Fletcher (Pa. I.D. No. 75544)
Richard M. Weibley (Pa. I.D. No. 90958)
BLANK ROME
One Logan Square
Philadelphia, PA 19103
Telephone: 412.932.2800
Andrew.fletcher@blankrome.com
Richard.weibley@blankrome.com

        Celine Jimenez Crowson (*admitted pro hac vice*)
Joseph J. Raffetto (*admitted pro hac vice*)
Ryan J. Stephenson (*admitted pro hac vice*)
Nicholas W. Rotz (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: 202.637.5600
celine.crowson@hoganlovells.com
joseph.raffetto@hoganlovells.com

Erica Graves (*admitted pro hac vice*)
BLANK ROME
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 424.223.8775
erica.graves@blankrome.com

*Counsel for Defendant and Counterclaim-Plaintiff PPG Industries, Inc.*

CERTIFICATE OF SERVICE

I certify that on October 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Andrew K. Fletcher*
*/s/ Andrew K. Fletcher*