IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | CIVIL ACTION NO. 17-1023 |
| Plaintiff/Counterclaim-defendant, | JUDGE JOY FLOWERS CONTI |
| v. | |
| PPG INDUSTRIES, INC., | |
| Defendant/Counterclaimant. | |

**OPINION**

Pending before the court is an unopposed motion (ECF No. 1183) filed by The Sherwin-Williams Co. ("Sherwin" or "SW") to vacate the special master's reports and recommendations ("R&Rs") (ECF Nos. 1162, 1171). The R&Rs involved a renewed motion by PPG Industries, Inc. ("PPG") to recover attorney fees and expenses (ECF No. 1133). After the parties reached a mediated agreement, PPG filed a notice of withdrawal of its motion (ECF No. 1182) and the court terminated the motion. The motion to vacate is ripe for disposition.

Sherwin recognizes that vacatur is a matter for this court's discretion. In *Lyttle v. AT & T Corp.*, No. CIV.A. 10-1376, 2013 WL 6008494, at *1 (W.D. Pa. Nov. 13, 2013) (involving a request for vacaturs of a magistrate judge's report and recommendation and two district court opinions), the court explained that vacatur "is truly extraordinary and a matter left to the Court's discretion after balancing the equities of the parties and their desire to vacate the judicial opinions against the rights of the public and the general legal community of the judicial

precedent in future cases and the orderly operation of the federal judicial system, wherein an appeal to a higher court is the primary route through which litigants may challenge judgments.").

Sherwin identifies two reasons for vacatur: (1) the parties settled the motion at a court-ordered mediation, after which PPG withdrew its motion (ECF No. 1182); and (2) because both parties filed objections to the R&Rs, there may be "confusion" about the future legal effect of the R&Rs. Sherwin did not address the public's interest in the R&Rs.

Neither reason asserted by Sherwin is convincing. This patent case was hard-fought. PPG prevailed at a jury trial and on appeal. PPG filed a motion to recover its counsel fees, and the court referred the motion to the special master that had been appointed earlier in the case. Sherwin was not required to settle the counsel fees dispute, but entered into a voluntary, mediated agreement with PPG. Both parties voluntarily forfeited their right to district court review of the R&Rs (and their right to appeal any ruling on the motion for attorneys' fees) in exchange for the benefits of the settlement. *See U.S. Bancorp Mortgage Co. v. Bonner Mall*, 513 U.S. 18 (1994). The court notes that the settlement is complete and was not contingent on vacatur of the R&Rs. *See Lyttle*, 2013 WL 6008494 at *2 (noting that the court's refusal to vacate would not impede settlement).

The fact that the motion for counsel fees and costs was not fully and finally determined by way of a written district court or appellate decision is not unusual. The parties exhaustively briefed the issues addressed in the R&Rs and the special master heard oral argument before filing the R&Rs. The docket will accurately reflect that PPG's motion for counsel fees was resolved by settlement and was withdrawn while objections to the R&Rs by both parties were outstanding. The briefs and objections remain on the docket. The special master's R&Rs are not precedential, are of no force or effect, and do not reflect the opinion of this court. The court

cannot discern any prejudice to the parties because the R&Rs are moot. The R&Rs are part of the record in this case. Under these circumstances, the court declines to exercise its discretion to vacate the R&Rs of the special master.

Conclusion

For the reasons set forth above, Sherwin's motion to vacate the R&Rs (ECF No. 1183) will be DENIED.

An appropriate order will be entered.

Dated: January 30, 2026

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge